MARCIA STONE SAULS v. WILLIAM GLENN SAULS

No. 11

(Filed 7 October 1975)

1. **Divorce and Alimony § 8— consent to separation — consent as bar to claim of abandonment**

    When the complaining spouse has consented to a separation which was not caused by the other's misconduct, the plaintiff cannot obtain a divorce or alimony on the basis of abandonment; however, where the agreement to separate is induced by the misconduct of one spouse, the other can still maintain the charges of voluntary abandonment. In other words, the consent which will bar a divorce, or a claim for alimony, on the grounds of abandonment is a positive willingness on the part of the complainant—a consent not induced by the misconduct of the other spouse—to cease cohabitation.

2. **Divorce and Alimony § 8— acquiescence to separation — voluntariness of separation**

    Mere acquiescence in a wrongful and inevitable separation, which the complaining spouse could not prevent after reasonable efforts to preserve the marriage, does not make the separation voluntary or affect the right to divorce or alimony, nor, under such circumstances, is the innocent party obliged to protest, to exert physical force or other importunity to prevent the other party from leaving.

3. **Appeal and Error § 42; Divorce and Alimony § 8— alimony without divorce — abandonment — insufficient evidence in record — trial de novo**

    In an action for alimony without divorce where plaintiff alleged abandonment, evidence in the record on appeal is insufficient to permit a determination as to whether plaintiff or defendant was responsible for the separation or whether they were in equal fault; because counsel for both plaintiff and defendant are equally responsible for the record, both having stipulated "the evidence in the record on appeal," the Supreme Court elects not to strike defendant-appellant's wholly unsatisfactory statement of the evidence from the record on appeal and not to presume that there was sufficient evidence to support the trial judge's findings of fact but instead elects to vacate the judgment awarding plaintiff alimony without divorce and to direct a trial *de novo* of plaintiff's cause of action for alimony without divorce.

4. **Divorce and Alimony § 2— divorce from bed and board — failure to allege residence — no jurisdiction**

    Where plaintiff failed to allege that either she or defendant had been a resident of the State for at least six months next preceding the institution of the action, the court is without jurisdiction to award her a divorce from bed and board.

APPEAL by defendant pursuant to 7A-30(2) from the decision of the Court of Appeals (25 N.C. App. 468, 213 S.E. 2d

425 (1975) affirming the judgment of *Winborne, J.,* entered 13 August 1974 in the District Court of WAKE.

Upon allegations of abandonment and specific indignities rendering her life burdensome and condition intolerable, plaintiff-wife instituted this action on 22 March 1974 for divorce from bed and board under G.S. 50-7, custody of the two minor children of the marriage and reasonable child support under G.S. 50-13.1 *et seq.* and G.S. 50-13.5, alimony *pendente lite* and alimony under G.S. 50-16.3 and G.S. 50-16.2, and counsel fees under G.S. 50-16.4. In his answer to the complaint, defendant denied the foregoing allegations and, as a counterclaim, he alleged that specified conduct on the part of plaintiff had rendered his life burdensome and his condition intolerable. He prayed that he be granted a divorce from bed and board and awarded the custody of the minor children.

Stipulations established that the parties were married on 26 October 1968 and separated on 4 January 1974; that two children, Karen Annette, aged 3½, and Michael Glenn, aged 5, were born to the marriage and reside with plaintiff.

Judge Winborne heard the case without a jury on 28 June 1974. His judgment, filed 9 August 1974, recites that all matters were heard for final judgment and orders; that after hearing the evidence and argument of counsel, he "found and concluded," *inter alia,* (1) that defendant abandoned plaintiff without justification and (2) that "plaintiff was a dutiful wife" and did not bring about defendant's departure from the home. Upon these findings he adjudged that plaintiff recover of defendant alimony without divorce. In supplemental and interlocking orders Judge Winborne awarded plaintiff custody of the minor children, with visitation rights to defendant, alimony, child support, and counsel fees. On 19 August 1974 defendant gave notice of appeal from the judgment and orders, and the entries were made.

In a two-to-one decision the Court of Appeals affirmed the judgment and orders of the District Court. *Sauls v. Sauls,* 25 N.C. App. 468, 213 S.E. 2d 425 (1975). Defendant appealed to this Court as a matter of right.

*Purser & Barrett by George E. Barrett for defendant appellant.*

*W. Arnold Smith for plaintiff appellee.*

SHARP, Chief Justice.

Defendant's assignments of error raise only the question whether the judge's finding that defendant abandoned plaintiff without justification is supported by the evidence. He assigns no error in the order awarding plaintiff the custody of the children and fixing the amount which he was directed to pay for their support.

The evidence at the trial of this case was not taken by the court reporter. Consequently, when defendant excepted to the judge's findings and appealed, counsel encountered the difficulty in agreeing upon the record on appeal which both they and the court should have anticipated when the trial was conducted without the presence of an available court reporter. G.S. 7A-146(6) (Supp. 1974); G.S. 7A-198 (1969).

Approximately three months after the trial, on 25 September 1974 counsel signed a "statement of the evidence in the record on appeal," which they made "subject to the approval of the North Carolina Court of Appeals." With reference to the issue of abandonment they were only able to agree upon three short paragraphs containing a total of four sentences. The record disclosed no effort on their part to comply with Rule 19(f) of the Rules of Practice in the Court of Appeals, which sets out the procedure to be followed in the event no stenographic record of the evidence at a trial was made. That rule, in pertinent part, provides that if the parties are unable to agree on the statement of the evidence, they shall both submit proposed statements to the trial tribunal and that court shall settle the statement. This was not done.

The "statement of the evidence in the record on appeal" is summarized as follows: From the very beginning of the marriage in October 1968 plaintiff and defendant had "marital difficulties." The "marital condition" continued to deteriorate and, beginning in November 1973, it worsened rapidly. The conclusion of the statement is that, at the trial, plaintiff testified that she tried "to make it work"; that "when 'the other woman' became involved she did agree to the defendant leaving on 4 January 1974 and taking with him all his personal belongings. . . ."

Defendant contends that, from the evidence in the record, it cannot be said that plaintiff was without fault in bringing about the separation or that defendant left the home without

Sauls v. Sauls

lawful excuse. The main thrust of his argument, however, is that plaintiff consented to the separation, and, therefore, defendant did not abandon her. In his brief filed in the Court of Appeals, defendant says, "Perhaps the Plaintiff did not 'bring about' the Defendant's departure from the common residence; however, she did consent to such departure."

[1] Abandonment or desertion, as a marital wrong committed by one spouse against the other, does not occur if the parties live apart by mutual agreement. *Panhorst v. Panhorst,* 277 N.C. 664, 670-71, 178 S.E. 2d 387, 392 (1971); H. Clark, *Domestic Relations* 336 (1968). The rule is that when the complaining spouse has consented to a separation which was not caused by the other's misconduct, the plaintiff cannot obtain a divorce or alimony on the basis of abandonment. However, where the agreement to separate is induced by the misconduct of one spouse, the other can still maintain the charge of voluntary abandonment. The consent which will bar a divorce, or a claim for alimony, on the grounds of abandonment is a positive willingness on the part of the complainant—a consent not induced by the misconduct of the other spouse—to cease cohabitation. *Thompson v. Thompson,* 280 Ala. 566, 196 So. 2d 412, 414 (1967); *Mangham v. Mangham,* 264 Ala. 354, 87 So. 2d 818 (1956); *Moran v. Moran,* 219 Md. 399, 149 A. 2d 399 (1959); 24 Am. Jur. 2d *Divorce and Separation* § 107 (1966).

[2] Mere acquiescence in a wrongful and inevitable separation, which the complaining spouse could not prevent after reasonable efforts to preserve the marriage, does not make the separation voluntary or affect the right to divorce or alimony. *Givner v. Givner,* 201 Md. 333, 93 A. 2d 563 (1953); *Miller v. Miller,* 178 Md. 12, 11 A. 2d 630 (1940); *Marcey v. Marcey,* 130 A. 2d 918, 919 (Mun. C.A., D.C.) (1957). Nor, under such circumstances, is the innocent party obliged to protest, to exert physical force or other importunity to prevent the other party from leaving. *Pempek v. Pempek,* 141 Conn. 602, 109 A. 2d 238 (1954); 24 Am. Jur., *supra.*

[3] The rules of law which the parties invoke are not in question. The problem here is that only a minuscule part of the evidence which the judge heard is in the record. From the scintilla which counsel decided should constitute the record on appeal, it is impossible for us to determine whether plaintiff or defendant is responsible for the separation or whether they are in equal fault. We are left to speculate as to the nature

and extent of the defendant's "involvement" with the "other woman." Was she a figment of plaintiff's imagination—as defendant now suggests—or was defendant's "involvement" such that plaintiff had the right to demand that her husband choose between the "other woman" and herself? The determination of this question is material to decision.

It is, of course, the duty of the appellant to see that a proper record is made up and transmitted to the Appellate Division, and *this* defendant-appellant did not do. We would be entirely justified in striking appellant's wholly unsatisfactory statement of the evidence from the record on appeal and deciding the case as if none of the evidence which the trial judge heard had been included in the record. In that situation the long-established rule is that it will be presumed there was sufficient evidence to support the trial judge's findings of fact. *Miller v. Miller,* 270 N.C. 140, 153 S.E. 2d 854 (1967); *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427 (1941). *See* 1 Strong, N. C. Index 2d, Appeal and Error §§ 28, 42 (1967), where the cases are collected.

The Court of Appeals, in effect, applied the presumption that there was sufficient evidence to support the judge's findings. However, we elect not to take that course in this case because counsel for both plaintiff-appellee and defendant-appellant are equally responsible for this record, both having stipulated "the evidence in the record on appeal." We therefore vacate the judgment awarding plaintiff alimony without divorce and direct a trial *de novo* of plaintiff's cause of action for alimony without divorce. The separate order awarding custody and fixing the amount of defendant's payments for the support of the two minor children is supported by the facts found and is not questioned on this appeal. It is, therefore, affirmed.

Actions which determine the right of a wife to permanent alimony are of vital importance to both husband and wife. They can impose a substantial and life-long financial obligation upon one spouse; they can mean the difference between security and penury to the other. Both the rights of the parties and the exigencies of the courts require that trial of these actions be stenographically reported. Appeals should not be discouraged or the court's judgments sabotaged by the absence of a transcript of the evidence at the trial.

Sauls v. Sauls

**[4]**    This cause is remanded to the Court of Appeals with directions that it be returned to the District Court for a trial *de novo* of plaintiff's cause of action for alimony. Since plaintiff failed to allege that either she or defendant had been a resident of the State for at least six months next preceding the institution of the action, the court is without jurisdiction to award her a divorce from bed and board. *Eudy v. Eudy,* 288 N.C. 71, 215 S.E. 2d 782 (1975). The costs in the Appellate Division will be paid personally and equally by counsel for the parties.

As to plaintiff's cause of action for alimony without divorce,

Error and remanded.

As to the order awarding custody and child support,

Affirmed.