CHARLES R. BLAIR v. CORA JO H. BLAIR

No. 7915DC752

(Filed 15 January 1980)

1. **Divorce and Alimony § 18.12— alimony pendente lite—right to relief—abandonment—findings unsupported by evidence**

    The trial court's error in finding that plaintiff abandoned defendant was harmless, since there was sufficient evidence to support the court's finding that plaintiff committed indignities making defendant's condition intolerable, and there was thus an adequate ground to support an award of alimony pendente lite.

2. **Divorce and Alimony § 18.13— alimony pendente lite—amount—no findings as to plaintiff's needs**

    There was no merit to plaintiff's argument that an award of alimony pendente lite should be reversed because the trial court made no findings as to the amount needed by plaintiff to subsist during the pendency of this action, since the court found that plaintiff had a gross annual income in excess of $45,000 and awarded defendant $8500 per year as alimony pendente lite, and plaintiff did not argue that he was actually left with an amount insufficient for his needs.

3. **Divorce and Alimony § 18.8— alimony pendente lite—defendant's living expenses—document not entered in evidence—technical error harmless**

    Plaintiff in an action for alimony pendente lite was not prejudiced by the technical error of defendant's failing to enter into evidence a document detailing her living expenses since the document was before the trial court and plaintiff's counsel had the document before him.

4. **Divorce and Alimony § 18.16— alimony pendente lite—attorney's fee—no finding of reasonableness**

    In an action for alimony pendente lite an award of $750 for attorney fees was improperly entered where the court made no finding as to the reasonableness of the fee.

APPEAL by plaintiff from *Paschall, Judge.* Judgment entered 12 March 1979 in District Court, ORANGE County. Heard in the Court of Appeals 7 December 1979.

Plaintiff seeks an absolute divorce on the ground of one year's separation. Defendant answered, alleging that plaintiff abandoned her and subjected her to indignities, and cross claiming for a divorce from bed and board, possession of the homeplace, alimony both pendente lite and permanent, and attorney's fees. Plaintiff in his reply alleged constructive abandonment as a bar to an award of alimony. Plaintiff moved for partial summary judgment, which was granted for him on the issue of divorce, with all defendant's rights with respect to her cross-claim preserved. Subsequently, upon motion, defendant was awarded $708.33 per month as alimony pendente lite, possession of the parties' home on Churchill Drive, and $750 attorney's fees. Plaintiff appeals.

*Haywood, Denny & Miller, by James H. Johnson III, for plaintiff appellant.*

*Nye, Mitchell, Jarvis & Bugg, by R. Roy Mitchell, Jr., for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff contends that there appears in the record no evidence to support the trial court's finding that plaintiff abandoned defendant. In this he is correct. By defendant's own testimony she "fully agreed" that the parties would purchase a condominium and plaintiff would move there and live separately from her. However, since there is sufficient evidence to support the finding that plaintiff committed indignities making defendant's condition intolerable, an adequate ground to support an award of alimony pendente lite, G.S. 50-16.3(a)(1) and G.S. 50-7(4), the error as to abandonment is harmless.

[2] Plaintiff argues that the award of alimony pendente lite must be reversed because the trial court made no findings as to the amount needed by plaintiff to subsist during the pendency of this action. Plaintiff relies on *Briggs v. Briggs*, 21 N.C. App. 674, 205 S.E. 2d 547 (1974), but that case is distinguishable upon its facts. In *Briggs*, the court found the husband to have a monthly income

Blair v. Blair

of $1533, and ordered that he pay more than $1000 per month for the wife and two minor children. Under those circumstances, we observed that the trial court had appeared to ignore the fact that the husband must also exist during the pendente lite period. Here, however, the court found that plaintiff has a gross annual income in excess of $45,000, and awarded defendant $8,500 per year as alimony pendente lite. Plaintiff does not argue that he has actually been left with an amount insufficient for his needs. We find no merit in this assignment of error.

[3] Plaintiff bases his attack upon the amount of alimony pendente lite awarded on the fact that the document detailing defendant's living expenses was never formally offered into evidence. However, the document was clearly before the trial court, the trier of fact, since defendant's expenses are set out in detail in his order. And it is clear from plaintiff's cross-examination of defendant that plaintiff's counsel had the document before him. We find no prejudice to plaintiff from the technical error of defendant's failing to enter the document into evidence, and we decline to reverse upon that ground. Furthermore, the amount of alimony pendente lite is to be determined by the trial court, G.S. 50-16.3(b) and 50-16.5(a), and we find no abuse of discretion here.

[4] Plaintiff is correct that the award of $750 attorney fees is insufficiently based. G.S. 50-16.4 provides for the awarding of "reasonable" counsel fees. Here, as in *Austin v. Austin*, 12 N.C. App. 286, 296, 183 S.E. 2d 420, 427 (1971), the order "contains no findings of fact, such as the nature and scope of the legal services rendered, the skill and time required, *et cetera*, upon which a determination of the requisite reasonableness could be based." For this reason, this portion of the award must be reversed and remanded for further hearing.

We need not discuss plaintiff's further assignments of error. The order of the trial court is

Affirmed in part and reversed and remanded in part.

Judges CLARK and ERWIN concur.