ERNEST EARL OWENSBY v. ELIZABETH UPTON OWENSBY

No. 320A84

(Filed 4 December 1984)

**Divorce and Alimony § 20.3— award of counsel fees—insufficient findings**

In an action involving divorce, alimony, and child custody and support in which defendant wife's attorneys submitted an affidavit showing the value of their services to be in excess of $55,000, the trial court's findings of fact in its order awarding attorney fees of $6,750 to defendant wife were insufficient to provide a basis for determining the reasonableness of the fees awarded, and the case must be remanded for further findings, where the court stated that it had considered the time and labor required to represent the defendant but failed to find how many hours of labor were actually expended on defendant's behalf by her attorneys; one of the listed considerations of the trial court was the customary charge for similar services, but the court never stated what it found the customary charge to be or whether the charge by defendant's attorneys was in line with the customary fee; and although the court recited as one of its considerations "the novelty and difficulty of the questions of law, and the skill requisite to the proper representation of the defendant," the court did not state how it adjudged the difficulty of the legal questions or the adequacy of the representation.

APPEAL of right from a decision by a divided panel of the Court of Appeals, 68 N.C. App. 436, 315 S.E. 2d 86 (1984), remanding for a new hearing an order awarding attorneys' fees which was entered by *Judge Hamrick* on 18 January 1984 in District Court, CLEVELAND County.

Plaintiff-appellant, Ernest Earl Owensby, filed an action for divorce from bed and board, custody of minor children and absolute divorce on 30 September 1981. Defendant-appellee, Elizabeth Upton Owensby, answered and counterclaimed for alimony *pendente lite*, permanent alimony, child custody and support, divorce from bed and board and attorneys' fees. Hearings on defendant's claims for temporary alimony, child custody and support, possession of the marital home and attorneys' fees were conducted in May and June of 1982. On 22 June 1982 Dennis L. Guthrie, one of defendant's attorneys, filed an affidavit in support of defendant's motion for attorneys' fees. The affidavit provided that fees billed to defendant for services rendered up to 20 June 1982 were $24,331, with other expenses of $403.61.

On 28 June 1982 Judge James T. Bowen awarded defendant custody, child support, temporary alimony and attorneys' fees.

Judge Bowen found that defendant was a homemaker with no in-dividually-owned property and that she was not financially able to pay for her attorneys' services. The court further found that plaintiff was the sole owner of a corporation with a reported 1981 income in excess of $90,000. Thereupon, the court ordered plain-tiff to pay defendant's attorneys $2,500 as a partial payment for counsel fees.

In a motion filed 7 July 1982 defendant requested the court to amend its order. Attorney Guthrie filed a second affidavit in support of an amended award of attorneys' fees. On 2 July 1982 the court awarded an additional $1,500 in partial payment of the attorneys' fees to be paid by the plaintiff.

In September and October of 1982 various motions were filed and three hearings were held involving defendant's failure to leave the marital home and plaintiff's failure to deliver household furniture for the benefit of defendant and the minor children. Act-ing upon a motion filed 26 October 1982 by defendant's counsel for an award of attorneys' fees, the court ordered plaintiff to pay defendant's counsel an additional $250. Prior to the jury trial for divorce from bed and board and permanent alimony, additional pleadings were filed, depositions were taken, and hearings were held. A four day jury trial was conducted in Cleveland County in January 1983 with Judge Hamrick presiding. At the conclusion of that trial, plaintiff was granted a divorce from bed and board and the court found that defendant was not entitled to alimony because she had committed adultery. Attorneys for defendant, members of a Charlotte law firm, filed an affidavit in support of defendant's claim for attorneys' fees. The attorneys additionally filed an itemized statement of time spent on defendant's case. At-torney hours were billed at $75 per hour and paralegal hours were billed at $35 per hour. The affidavit stated that the reason-able value of services from 18 September 1981 until 14 January 1983 was $55,152.64, after deducting $4,000 already paid by plain-tiff.

The trial court entered an order on 21 January 1983 award-ing additional attorneys' fees. The court found that defendant was unemployed, had no income and no substantial assets. It also found that plaintiff was "of sufficient financial means to defray counsel fees." The court concluded as a matter of law that defend-

ant was entitled to have reasonable attorneys' fees paid by the plaintiff. After reciting several factors it considered in determining the amount of that fee, the trial judge awarded additional attorneys' fees of $2,500. The order stated that the additional award brought the total amount of attorneys' fees awarded to $6,500.

Defendant appealed from the order awarding attorneys' fees. The Court of Appeals held that the award was so unreasonable as to constitute an abuse of discretion. Judge Vaughn dissented. The plaintiff appeals as a matter of right pursuant to N.C. Gen. Stat. § 7A-30(2).

*Hamrick, Mauney, Flowers, Martin & Deaton, by Fred A. Flowers for plaintiff-appellant.*

*Murchison, Guthrie & Davis, by Dennis L. Guthrie and K. Neal Davis for defendant-appellee.*

BRANCH, Chief Justice.

The sole question presented for our review in this appeal is whether the trial court abused its discretion in its award of a total of $6,750 in attorneys' fees to defendant's attorneys for legal services rendered on her behalf. Without ruling upon the reasonableness of the award, we remand the case to the trial court for further findings of fact.

The purpose of allowing counsel fees for a dependent spouse in a divorce and alimony action is to enable the spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms, making it possible for the dependent spouse to employ adequate and suitable legal representation. *Hudson v. Hudson,* 299 N.C. 465, 263 S.E. 2d 719 (1980). Before granting an award of attorneys' fees, the trial court must determine, as a matter of law, that the spouse seeking the award is dependent, and that the spouse is without sufficient means to subsist during the prosecution of the suit and to defray the necessary expenses. *Id.* Where attorneys' fees are properly awarded, the amount of the award rests within the discretion of the trial court and is reviewable on appeal only for an abuse of discretion. *Clark v. Clark,* 301 N.C. 123, 271 S.E. 2d 58 (1980).

In determining the proper amount of counsel fees to be awarded, the trial court should not end its inquiry with a deter-

mination of each party's estate and how much is available to defray costs of litigation. *Id.; Stanback v. Stanback*, 270 N.C. 497, 155 S.E. 2d 221 (1967). As we stated in *Stadiem v. Stadiem*, 230 N.C. 318, 52 S.E. 2d 899 (1949):

> There are so many elements to be considered in an allowance of this kind;—the nature and worth of the services; the magnitude of the task imposed; reasonable consideration for the defendant's condition and financial circumstances;— these and many other considerations are involved. On this appeal the question before us is not whether the award may not have been larger than that anticipated or even usual in cases of that kind; but whether in consideration of the circumstances under which it was made it was so unreasonable as to constitute an abuse of discretion.

*Id.* at 321, 52 S.E. 2d at 901. Furthermore, the court must make findings of fact as to the nature and scope of legal services rendered, the skill and the time required upon which a determination of reasonableness of the fees can be based. *See Brown v. Brown*, 47 N.C. App. 323, 267 S.E. 2d 345 (1980); *Blair v. Blair*, 44 N.C. App. 605, 261 S.E. 2d 301 (1980); *Rickenbaker v. Rickenbaker*, 21 N.C. App. 276, 204 S.E. 2d 198 (1974).

In the case at hand, after concluding that the defendant was entitled to have reasonable counsel fees paid by the plaintiff, the court stated that it considered the following factors in setting the award:

> 1. The time and labor required in the investigation and prosecution of the action; the novelty and difficulty of the questions of law, and the skill requisite to the proper representation of the defendant.

> 2. The Court considers the employment by the defendant may preclude appearances in other matters which the counsel of record for the defendant could be engaged with, and the Court considers whether employment by the defendant would preclude employment by other clients.

> 3. The Court further considers the customary charge for similar services rendered.

> 4. The Court considers the amount involved in the controversy.

Owensby v. Owensby

5. The Court considers the contingency or certainty of the compensation.

6. The Court considers the character of the employment, whether casual or for an established and constant client.

7. The Court considers the variation in overhead in practicing of law in Mecklenburg County and Cleveland County, and the Court considers that the defendant's counsel must maintain offices, a library and employees in his office.

8. The Court considers that the sum of $2,500 has been paid previously and $1,500 has been paid on a subsequent prior occasion, amounting to a total of $4,000 prior to this hearing.

Having reviewed the trial court's findings, we find them to be insufficient to form a basis for determining a reasonable award of attorneys' fees. For example, although the trial court perfunctorily stated that it had considered among other factors, the time and labor required to represent the defendant, the court nowhere found how many hours of labor were actually expended on defendant's behalf by her attorneys. Although one of the listed "considerations" of the trial court was the customary charge for similar services, the court never stated what it found the customary charge to be, or whether the charge by defendant's counsel was in line with the customary fee. Although the trial court recited as one of its considerations "the novelty and difficulty of the questions of law, and the skill requisite to the proper representation of the defendant," the court did not state how it adjudged the difficulty of the legal questions or the adequacy of the representations. The court's findings in no way shed light upon the nearly $48,000 disparity between the amount submitted by defendant's attorneys as the value of their services and the amount awarded by the court. In sum, nothing in the court's findings provided a basis for determining the reasonableness of the counsel fees awarded. Absent such findings, we are unable to determine whether the trial court abused its discretion in setting the amount of the award. We therefore remand the case to the Court of Appeals, for a further remand to the trial court for additional findings in accord with this opinion.

Modified and affirmed.