CORNELIA ELLINWOOD v. EVERETT H. ELLINWOOD, JR.

No. 8814DC1018

(Filed 18 July 1989)

1. **Divorce and Alimony § 8.2— constructive abandonment— sufficiency of evidence to support findings**

Plaintiff's testimony was sufficient to support the trial court's findings of fact that defendant was a busy professional who became so completely immersed in his work that, over a twenty-year period, he basically left plaintiff to her own devices to maintain a family and rear the parties' children, and these findings of fact were sufficient to support the trial court's conclusion that defendant constructively abandoned his wife and children.

2. **Divorce and Alimony § 16.8— conclusions as to supporting spouse and dependent spouse—sufficiency of evidence**

Evidence was sufficient to support the trial court's conclusion that plaintiff was a dependent spouse and defendant was a supporting spouse where the court found that plaintiff's budget of $2,800 per month was "both reasonable and commensurate with the standard of living which the couple maintained prior

to the date of the separation"; the court further found that plaintiff had no income producing assets, but earned a net income of $1,353 per month; and the court also found that defendant's gross income was nearly four times that of plaintiff.

**3. Divorce and Alimony § 16.6— no findings as to parties' estates and accustomed standard of living—award of alimony improper**

The trial court erred in making an award of alimony without making findings as to the parties' estates and accustomed standard of living.

**4. Divorce and Alimony § 18.16— alimony action—award of attorney's fees proper**

The trial court's findings of fact were sufficient to support its award of attorney's fees where the court made specific findings as to the services rendered by plaintiff's attorney, the time expended, the quality of services rendered, and the attorney's expertise.

**5. Appeal and Error § 63— case remanded—parties not allowed further hearing—no error**

The trial court did not err in not allowing the parties a further hearing upon remand of the case after the first appeal where the opinion in the first appeal ordered the trial court to reconsider plaintiff's allegations as to constructive abandonment based only on evidence which preceded the date of the separation; the order did not direct the trial court to take more evidence; the trial court determined it was not necessary to take more evidence or hear additional argument; and the court in so doing did not abuse its discretion.

APPEAL by defendant from *Titus, Judge*. Judgment entered 25 April 1988 in District Court, DURHAM County. Heard in the Court of Appeals 17 April 1989.

This is the second appeal in this matter. This action began on 25 May 1984 when plaintiff-wife filed a complaint seeking, *inter alia*, divorce from bed and board, alimony, and attorney's fees. The trial court granted the parties an absolute divorce and about a year later entered an equitable distribution order dividing the marital property. The parties did not appeal either of these orders and those issues are not before us. After a hearing on plaintiff's claims for alimony and attorney's fees, the trial court found that de-

fendant had constructively abandoned his wife and, accordingly, granted her claims. Defendant appealed the trial court's judgment.

In *Ellinwood v. Ellinwood*, 88 N.C. App. 119, 123, 362 S.E. 2d 584, 587 (1987), we noted that the trial court's findings of fact included post-separation events which could not be used in proving constructive abandonment. We remanded with instructions to "reconsider the plaintiff's allegations based only on evidence which precedes the date of the separation." *Id.* On 26 April 1988, pursuant to our opinion, the trial court filed an amended judgment. Defendant appeals.

*Maxwell, Martin, Freeman & Beason, by James B. Maxwell, for plaintiff-appellee.*

*Moore & Van Allen, by Edward L. Embree, III and Georgia B. Vrionis, for defendant-appellant.*

EAGLES, Judge.

Defendant presents five assignments of error for review. He argues that the evidence and findings of fact fail to support: the trial court's conclusion of constructive abandonment; the conclusion that defendant is a supporting spouse and plaintiff is a dependent spouse; the award of $48,600 in alimony; and an award of $2,500 in attorney's fees. Additionally, defendant contends the trial court erred in failing to provide the parties with another opportunity to be heard when the case was remanded following the first appeal. We hold that the trial court's findings of fact are insufficient to support its award of alimony and, accordingly, we must remand the case for additional findings of fact. As to defendant's remaining assignments of error, we affirm.

[1] Defendant first argues that the trial court's findings of fact do not support its conclusion that he constructively abandoned his wife. We disagree. As we stated in the first appeal,

If proven, plaintiff's allegations would support a finding of constructive abandonment notwithstanding the absence of evidence of physical cruelty or wilful failure to provide economic support. The permissible bases are more broad and encompass cruelty by other than mere physical cruelty and, as pointed out in *Panhorst [v. Panhorst*, 277 N.C. 664, 178 S.E. 2d 387 (1971),]* wilful failure to fulfill spousal or parental responsibilities beyond merely providing adequate economic support. There

remains, as a basis for a finding of constructive abandonment, a level of wilful spousal misconduct which rises above the normal and sometimes commonplace problems associated with marriages involving busy professionals.

*Ellinwood* at 122, 362 S.E. 2d at 586.

The record here shows defendant as a busy professional who became so completely immersed in his work that, by his conduct, he effectively abandoned his wife and children. These findings of fact point to a pattern of behavior by defendant over a twenty year period where plaintiff was left to her own devices without defendant's assistance in maintaining a family and rearing their children. The court noted that at least ten years earlier Mrs. Ellinwood had told defendant that she needed more of his time and attention. The situation improved somewhat thereafter, but only for a short time.

Defendant claims that he testified about his involvement and concern for his family, but that the trial court failed to make any findings in this regard. However, the trial court is not required to make findings as to every evidentiary fact; it need find the ultimate facts only. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). The trial court's findings are conclusive if supported by any competent evidence, even when the record contains evidence to the contrary. *Spencer v. Spencer*, 70 N.C. App. 159, 319 S.E. 2d 636 (1984). Plaintiff's testimony supports each finding of fact made by the trial court. We overrule this assignment of error.

[2] We next address defendant's third assignment of error. Defendant contends that the evidence and findings of fact do not support the trial court's conclusion that plaintiff is a dependent spouse and that defendant is a supporting spouse. In part, G.S. 50-16.1(3) defines dependent spouse as one "who is actually substantially dependent upon the other spouse for his or her maintenance and support." A supporting spouse is the spouse a dependent spouse looks to for maintenance and support. G.S. 50-16.1(4). A spouse is a "dependent spouse" if he or she is "without means of providing for his or her accustomed standard of living." *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E. 2d 849, 854 (1980).

The trial court found that plaintiff's budget of $2,800 per month was "both reasonable and commensurate with the standard of living which the couple maintained prior to the date of the separation."

The court further found that plaintiff had no income producing assets, but earned a net income of $1,353 per month. In addition, the court found that defendant's gross income was nearly four times that of plaintiff. These findings support the trial court's determination that plaintiff is a dependent spouse and that defendant is a supporting spouse.

[3] In defendant's second assignment of error defendant does not argue with the amount of the alimony award, but rather he maintains that the findings of fact did not support the trial court's award. More particularly defendant contends that the trial court erred in failing to make findings about the parties' expenses, the parties' estates, and the parties' standard of living. In accordance with our Supreme Court's decision in *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982), we agree.

While the amount of alimony awarded by the trial court is within the trial court's discretion and will not be reversed absent an abuse of discretion, *Phillips v. Phillips*, 83 N.C. App. 228, 349 S.E. 2d 397 (1986), an alimony award must "be based upon factual findings sufficiently specific to indicate that the trial judge properly considered the six statutory factors enumerated [in G.S. 50-16.5]." *Quick* at 454, 290 S.E. 2d at 659. The statutory factors include the parties' estates and their accustomed standard of living. G.S. 50-16.5.

We note that the trial court referred to its previous order in the equitable distribution proceeding. This reference to the equitable distribution order shows that there is evidence in the record from which findings could be made. However, "[t]he trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." *Coble v. Coble*, 300 N.C. 708, 712-713, 268 S.E. 2d 185, 189 (1980). Because the trial court failed to make findings about the parties' estates and accustomed standard of living, we must remand for additional findings of fact.

[4] In defendant's fourth assignment of error he argues that the trial court's findings of fact fail to support its award of attorney's fees. Attorney's fees may be awarded to a dependent spouse in an action for alimony if the trial court finds that the dependent spouse is without the necessary means to defray expenses which

would allow him or her to meet their spouse on substantially even terms. *Owensby v. Owensby*, 312 N.C. 473, 322 S.E. 2d 772 (1984). However, the trial court must make findings "as to the nature and scope of legal services rendered, [and] the skill and the time required upon which a determination of reasonableness of the fees can be based." *Id.* at 476, 322 S.E. 2d at 774. The trial court's finding of fact number 21 states, in part,

> According to the Affidavit submitted on behalf of the firm of Maxwell, Freeman & Beason, P.A., no less than 29.3 hours of the 94 hours total had been expended in matters related solely to this hearing of Ms. Ellinwood's entitlement to alimony, amount and duration thereof, issues involved with evidence of and testimony about constructive abandonment and concerns relating to the family unit as a whole, including the children. The Court has reviewed the Affidavit, considered the nature of the work done, the quality of the services rendered, the necessity of the services rendered, and the experience and expertise of Mr. Maxwell and finds that 30 hours was a reasonable time expended by Mr. Maxwell in connection with his representation of Ms. Ellinwood and her claim for alimony based on constructive abandonment. It was necessary that he have conferences with Ms. Ellinwood to develop a factual basis on which to determine whether grounds for alimony existed; he has prepared a Complaint and seen that it was filed; he has conducted discovery, which had benefits for both alimony and equitable distribution, but were particularly relevant on the alimony question in regard to the dependency issues and the relative incomes and expenses of both parties; he has prepared for the alimony trial, been present in Court for a full day in conduct of that trial, and prepared the first draft of this Order in connection therewith by November 18, 1986. Based upon these services rendered for the alimony action only, the Court finds that Two Thousand Five Hundred Dollars ($2,500) is a reasonable fee and consistent with rates in Durham for attorneys with Mr. Maxwell's experience and expertise in family law matters.

We hold this finding sufficient to support the trial court's award of attorney's fees. We overrule this assignment of error.

[5] Defendant's final assignment of error contends that the trial court erred in not allowing the parties a further hearing upon re-

mand of the case after the initial appeal. We disagree. The opinion in the first appeal ordered the trial court to "reconsider the plaintiff's allegations based only on evidence which precedes the date of the separation." *Ellinwood* at 123, 362 S.E. 2d at 587. The order did not direct the trial court to take more evidence but merely limited the evidence to be considered to events preceding separation. The trial court, in its discretion, determined it was not necessary to either take more evidence or hear additional argument. We find no abuse of discretion. *See Patton v. Patton*, 88 N.C. App. 715, 364 S.E. 2d 700 (1988). This assignment of error is without merit.

For the foregoing reasons the trial court's amended judgment is affirmed in part and remanded for further proceedings consistent with this opinion.

Affirmed in part, remanded in part.

Chief Judge HEDRICK and Judge WELLS concur.