**HANLEY v. HANLEY**

[128 N.C. App. 54 (1997)]

DARNELL G. HANLEY, Plaintiff v. JAMES F. HANLEY, Defendant

No. COA97-116

(Filed 2 December 1997)

### 1. Divorce and Separation § 261 (NCI4th)— wife's abandonment of husband—evidence supporting finding

The trial court did not err by finding that plaintiff wife abandoned defendant husband where there was evidence tending to show that the wife left her family and stayed in Hawaii for two months; she told the husband that she didn't know how long she would be in Hawaii and that it was okay if he was here when she got back and it was okay if he wasn't here; the parties never resumed cohabitation after the wife went to Hawaii; the wife had previously expressed her unhappiness with the marriage; although the husband did not try to prevent the wife from going to Hawaii, he did not consent to ending the marital cohabitation; the wife purchased a car in Hawaii; and the wife did not notify the husband of her return from Hawaii, but he found out from a friend.

### 2. Divorce and Separation § 269 (NCI4th)— denial of alimony to wife—abandonment—consideration of additional factors

The trial court did not use the wife's marital misconduct (abandonment of the husband) as the sole basis for denying the wife alimony but properly considered the economic factors set forth in N.C.G.S. § 50-16.3A where the court also found that the husband is sharing his retirement with the wife in addition to a $75,000 property settlement; the wife has a degree in industrial art education and has a current earning capacity of approximately $24,000 per year; the wife had $39,000 in cash at the time of the hearing; the husband is paying the wife $600 per month in "family support" until both children graduate from high school; the husband paid all of the marital debt, including charges by the wife when she left the family and went to Hawaii for two months; the husband continues to support the minor children; the wife has not provided any support for the son who resides with the husband, but has provided some financial assistance for the daughter; and the husband pays for the daughter's schooling and automobile expenses and provides her spending money.

Appeal by plaintiff from orders entered 16 September and 20 September 1996 by Judge Fred M. Morelock in Wake County District Court. Heard in the Court of Appeals 21 October 1997.

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell and Cary E. Close, for plaintiff-appellant.*

*Gary S. Lawrence and Allison M. Matthews for defendant-appellee.*

WALKER, Judge.

Plaintiff and defendant were married on 4 January 1975 and separated on 30 March 1995. The parties had two children during the marriage: Anna Collins Hanley, born 31 May 1979, and James F. Hanley, Jr., born 20 April 1981.

During the marriage, defendant worked for several banks and then for Stan Taylor Insurance Agency, where he became part owner in 1991. Defendant's gross income, separate and apart from his ownership interest in the company, had grown from nearly $80,000 in 1991 to $132,000 in 1995.

After the parties married, the plaintiff received a degree in Industrial Art Education and worked for the Wake County School System as a full-time teacher for three years. After the birth of the parties' first child, the plaintiff did not work for a number of years. After the birth of the parties' second child, the plaintiff worked part-time as a substitute teacher and held other various part-time jobs. From 1993 through 1995, plaintiff worked at Alcatel twenty hours a week earning $10.00 an hour.

In early 1995, prior to the separation, the parties and their children went on a trip to Hawaii. The original itinerary was that the entire family would return together; however, while there, plaintiff met some people and wanted to stay on for a few extra days. The daughter stayed with plaintiff in Hawaii for an extra three days while the defendant and the son returned home.

Shortly after plaintiff's return to Raleigh, she expressed her desire to return to Hawaii for an undetermined period of time. Approximately ten days after returning, plaintiff left again for Hawaii, purchasing tickets with defendant's credit card. Plaintiff informed defendant that, "I do not know how long I will be gone. If you are here when I get back, that is okay. If you are not here when I get back, then

that is okay." Plaintiff spent approximately two months in Hawaii, purchasing several items on defendant's credit card and also purchasing a car.

According to the plaintiff, when she returned to Raleigh she was met with anger and a cold and indifferent attitude by defendant who said he "didn't want to continue with the marriage." Eventually, plaintiff obtained other housing and the parties executed a separation agreement which provided, among other things, that defendant would pay plaintiff $600.00 a month in "family support" until the children graduated from high school.

Plaintiff filed this action seeking post-separation support, permanent alimony, and attorney's fees. Defendant denied all claims and counterclaimed for custody and child support. At the hearing on plaintiff's alimony claim, the trial court found that plaintiff had abandoned defendant without just cause or excuse and entered an order denying her claims for permanent alimony and attorney's fees. The trial court subsequently rejected plaintiff's motion to the trial court to make additional findings of fact and amend its judgment.

[1] Plaintiff first contends that the trial court erred in finding that plaintiff abandoned defendant as there was no evidence in the record to support this conclusion.

Abandonment occurs where one spouse brings the cohabitation to an end (1) without justification, (2) without consent, and (3) without intention of renewing the marital relationship. *Pruett v. Pruett,* 247 N.C. 13, 23, 100 S.E.2d 296, 303 (1957); *see also, Panhorst v. Panhorst,* 277 N.C. 664, 178 S.E.2d 387 (1971); *Powell v. Powell,* 25 N.C. App. 695, 214 S.E.2d 808 (1975).

It is undisputed that the parties never resumed cohabitation after plaintiff returned to Hawaii. Further, plaintiff does not contend she was justified in leaving Raleigh and returning to Hawaii. We find the first prong of the definition of abandonment (the bringing about of the end of cohabitation was unjustified) has been met.

We next examine whether the evidence presented supports the second prong of the test for abandonment—whether the defendant gave his consent to the end of the cohabitation.

Plaintiff argues that if she is deemed to have brought the parties' marital cohabitation to an end, it was with the defendant's implied consent as he did not communicate his objection to plaintiff.

**HANLEY v. HANLEY**

[128 N.C. App. 54 (1997)]

In *Sauls v. Sauls*, 288 N.C. 387, 218 S.E.2d 338 (1975), the defendant husband argued that the trial court was incorrect in awarding alimony to the plaintiff wife on the grounds of abandonment. There, the defendant contended that the plaintiff had consented to the separation and thus it could not be deemed abandonment. *Id.* at 390, 218 S.E.2d at 340. Our Supreme Court remanded the case for a trial *de novo*, finding there was insufficient evidence in the record to determine if the trial court's conclusion could be supported. *Id.* at 391, 218 S.E.2d at 341. The Court did, with regard to the issue of consent, state the following:

> Mere acquiescence in a wrongful and inevitable separation, which the complaining spouse could not prevent after reasonable efforts to preserve the marriage, does not make the separation voluntary or affect the right to divorce or alimony. Nor, under such circumstances, is the innocent party obliged to protest, to exert physical force or other importunity to prevent the other party from leaving.

*Id.* at 390, 218 S.E.2d at 341 (citations omitted).

Included in the trial court's findings was that "defendant has never been a controlling person and his belief was that if the plaintiff wanted to leave the family and return to Hawaii, then he should not stop her from doing so." Further, there was evidence that plaintiff had previously expressed her displeasure with defendant and unhappiness with the marriage. Defendant testified that while he did not want plaintiff to return to Hawaii, he was not going to "keep her from doing something she says she really needs or wants to do." Thus, while defendant did not outwardly "protest" or "exert physical force" to prevent plaintiff from leaving, it is clear from the evidence that he did not consent to ending the marital cohabitation.

Finally, we must examine whether there was sufficient evidence to support a finding that the plaintiff returned to Hawaii "without the intent to renew the marital relationship."

"The trial court's findings are conclusive if supported by any competent evidence, even when the record contains evidence to the contrary." *Ellinwood v. Ellinwood*, 94 N.C. App. 682, 685, 381 S.E.2d 162, 164 (1989). "Moreover, since there is no all-inclusive definition as to what will justify abandonment, each case must be determined in large measure upon its own circumstances." *Tan v. Tan*, 49 N.C. App. 516, 521, 272 S.E.2d 11, 15 (1980), *disc. review denied*, 302 N.C. 402, 279

S.E.2d 356 (1981). Therefore, even though plaintiff testified that she only returned to Hawaii so that she might have some time to herself and that upon her return to Raleigh she immediately went to the marital home with the intent to remain there, other facts would support a finding that when plaintiff left, she did so without the intent of renewing the marital relationship. For example, plaintiff regarded the status of the marriage with indifference and had previously expressed her unhappiness with defendant. She left for Hawaii without indicating when or if she intended to return. Also, plaintiff purchased a car while in Hawaii suggesting her trip was more than just a vacation. Further, defendant testified that plaintiff did not notify him of her return, but instead he found out from a friend. This evidence clearly indicates that when plaintiff returned to Hawaii she did so without the intent of returning and resuming the marital relationship. Thus, the trial court did not err in finding that plaintiff abandoned defendant.

**[2]** Plaintiff next argues that the trial court abused its discretion in denying her claim for alimony without considering all relevant factors under N.C. Gen. Stat. § 50-16.3A (1995) which provides in pertinent part:

(a) Entitlement.—In an action brought pursuant to Chapter 50 of the General Statutes, either party may move for alimony. The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependant spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors, including those set out in subsection (b) of this section.

. . .

(b) Amount and duration.—The court shall exercise its discretion in determining the amount, duration, and manner of payment of alimony . . . . In determining the amount, duration, and manner of payment of alimony, the court shall consider all relevant factors, including:

(1) The marital misconduct of either of the spouses. . . ;

(2) The relative earnings and earning capacities of the spouses;

(3) The ages and the physical, mental, and emotional conditions of the spouses;

HANLEY v. HANLEY

[128 N.C. App. 54 (1997)]

(4) The amount and sources of earned and unearned income of both spouses, including, but not limited to, earnings, dividends, and benefits such as medical, retirement, insurance, social security, or others;

(5) The duration of the marriage;

(6) The contribution by one spouse to the education, training, or increased earning power of the other spouse;

(7) The extent to which the earning power, expenses, or financial obligations of a spouse will be affected by reason of serving as the custodian of a minor child;

(8) The standard of living of the spouses established during the marriage;

(9) The relative education of the spouses and the time necessary to acquire sufficient education or training to enable the spouse seeking alimony to find employment to meet his or her reasonable economic needs;

(10) The relative assets and liabilities of the spouses and the relative debt service requirements of the spouses, including legal obligations of support;

(11) The property brought to the marriage by either spouse;

(12) The contribution of a spouse as homemaker;

(13) The relative needs of the spouses;

(14) The federal, State, and local tax ramifications of the alimony award;

(15) Any other factor relating to the economic circumstances of the parties that the court finds to be just and proper.

(c) Findings of Fact.—The court shall set forth the reasons for its award or denial of alimony. . . .

Moreover, N.C. Gen. Stat. § 50-16.1A(3)(c) (1995) includes "[a]bandonment of the other spouse" within its definition of "marital misconduct."

The trial court found that plaintiff was the dependent spouse and defendant was the supporting spouse; however, after considering all relevant factors listed in the statute, the court concluded an award of alimony would not be equitable.

Plaintiff argues that the trial court abused its discretion by ignoring all the economic factors listed in N.C. Gen. Stat. § 50-16.3A and instead used plaintiff's marital misconduct (abandonment) as the sole basis for denying plaintiff alimony.

In addition to the trial court's finding that plaintiff abandoned the defendant, the court also made findings with regard to other factors which support its conclusion that alimony would not be equitable. For instance, the trial court found: defendant is sharing his retirement plan with plaintiff, in addition to a $75,000 property settlement; plaintiff has a degree in Industrial Art Education and has a current earning capacity of approximately $24,000 a year; plaintiff had $39,000.00 in cash at the time of the hearing; defendant is paying plaintiff $600.00 in "family support" until both children graduate from high school; defendant paid all of the marital debt, including plaintiff's charges in Hawaii; defendant has and continues to support the two minor children; plaintiff has not provided any support for the son who still resides with the defendant, although she has provided some financial assistance for the daughter; and defendant pays for the daughter's schooling and automobile expenses, as well as providing spending money.

It is apparent that the trial court considered all relevant factors, not merely plaintiff's marital misconduct, and did not abuse its discretion in determining that an award of alimony was not equitable under these circumstances.

The order of the trial court is

Affirmed.

Judges WYNN and SMITH concur.