NO. COA13-987

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

RODNEY WILSON SOREY,
     Plaintiff,

     v.                              Beaufort County
                                     No.  12-CVD-1185
MELISSA LYNN SOREY,
     Defendant.


Appeal by defendant from Order entered 13 May 2013 by Judge Darrell B. Cayton, Jr. in District Court, Beaufort County. Heard in the Court of Appeals 23 January 2014.

> *Hassell, Singleton, Mason & Jones, P.A., by Sid Hassell, Jr., for plaintiff-appellee.*
>
> *Windy H. Rose, for defendant-appellant.*


STROUD, Judge.


Melissa Sorey ("defendant") appeals from an order entered 13 May 2013 denying her request for post-separation support on the basis of marital misconduct. We affirm.

## I.   Background

Rodney Sorey ("plaintiff") and defendant were married on 11 July 1987 and separated on 27 August 2011. The parties have four adult children and one minor niece whom they have raised as one of their children. Plaintiff filed an action for absolute

divorce in Beaufort County on 28 December 2012. Defendant answered and raised a counter-claim for post-separation support and alimony. Plaintiff then replied, alleging that defendant had committed marital misconduct prior to the date of separation in that she had "constructively abandoned the Plaintiff by dumping his clothes on the front porch of his son's residence and by repeated illicit liaisons with various men" and that she "has engaged in illicit sexual behavior during the marriage and before the separation with other men."

The trial court held a hearing on the issue of post-separation support on 29 April 2013. At the hearing, the trial court took evidence and heard testimony by the parties and two of their adult sons. By order entered 13 May 2013, the trial court denied defendant's request for post-separation support because it found that defendant had committed two forms of marital misconduct: illicit sexual behavior and abandonment. Defendant filed written notice of appeal from the trial court's order on 17 May 2013.

## II. Appellate Jurisdiction

Defendant appeals from the trial court's denial of her motion for post-separation support. Post-separation support orders are interlocutory. *Stephenson v. Stephenson*, 55 N.C. App.

250, 251, 285 S.E.2d 281, 281 (1981). Although orders *allowing* post-separation support do not affect a substantial right, *see, e.g.*, *Rowe v. Rowe*, 131 N.C. App. 409, 411, 507 S.E.2d 317, 319 (1998), that rule does not apply where the dependent spouse's request for post-separation support was *denied* by the trial court, *Mayer v. Mayer*, 66 N.C. App. 522, 525, 311 S.E.2d 659, 662, *disc. rev. denied*, 311 N.C. 760, 321 S.E.2d 140 (1984).

Here, the trial court denied defendant's request for post-separation support. Defendant asserts that the trial court's order affects a substantial right. Plaintiff does not contend otherwise. Under *Mayer*, we hold that the trial court's order affects a substantial right and that defendant's appeal is properly before this Court.

### III. Post-separation Support

A.  Standard of Review

In reviewing an order concerning post-separation support we must consider "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Oakley v. Oakley*, 165 N.C. App. 859, 861, 599 S.E.2d 925, 927 (2004) (citation and quotation marks omitted). "The trial court's findings need only be supported by substantial evidence to be binding on appeal. We

have defined substantial evidence as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peltzer v. Peltzer*, ___ N.C. App. ___, ___, 732 S.E.2d 357, 359 (citations and quotation marks omitted), *disc. rev. denied*, 366 N.C. 417, 735 S.E.2d 186 (2012).

B. Analysis

Defendant argues that the trial court erred in denying her request for post-separation support because its finding that she abandoned her husband was unsupported by the evidence. We disagree.

> Post-separation support is "spousal support to be paid until the earlier of either the date specified in the order of postseparation support, or an order awarding or denying alimony." N.C. Gen. Stat. § 50-16.1A(4) (2003). A depend[e]nt spouse is entitled to post-separation support if the court finds "the resources of the dependent spouse are not adequate to meet his or her reasonable needs and the supporting spouse has the ability to pay." N.C. Gen. Stat. § 50-16.2A(c) (2003). Factors such as the parties' standard of living, income, income earning abilities, debt, living expenses and legal obligations to support other persons are considered in determining the financial needs of the parties. N.C. Gen. Stat. § 50-16.2A(b) (2003). In addition, the judge shall consider marital misconduct by the dependent spouse, occurring prior to or on the date of separation, and also any marital misconduct by the supporting spouse. N.C. Gen. Stat. § 50-16.2A(d) (2003). Acts of "marital misconduct" include sexual acts,

> N.C. Gen. Stat. § 14-27.1(4) (2003), voluntarily engaged in with someone other than a spouse, N.C. Gen. Stat. § 50-16.1A(3)(a) (2003) and "[i]ndignities rendering the condition of the other spouse intolerable and life burdensome." N.C. Gen. Stat. § 50-16.1A(3)(f)(2003).

*Evans v. Evans*, 169 N.C. App. 358, 364-65, 610 S.E.2d 264, 270 (2005). If the trial court finds that the dependent spouse committed marital misconduct, that finding alone may be sufficient reason for the trial court to conclude the supporting spouse is not entitled to post-separation support and deny such a request. *Id.* at 365, 610 S.E.2d at 270.

One form of marital misconduct is abandonment. N.C. Gen. Stat. § 50-16.1A(3)(c) (2013). "Abandonment occurs where one spouse brings the cohabitation to an end (1) without justification, (2) without consent, and (3) without intention of renewing the marital relationship." *Hanley v. Hanley*, 128 N.C. App. 54, 56, 493 S.E.2d 337, 338 (1997).

Here, the trial court specifically found that defendant "abandoned the Plaintiff by discontinuing the marital cohabitation without just cause or excuse." The trial court based its ultimate finding on the following findings:

> 15. Some time prior to August 27, 2011 the Plaintiff advised the Defendant that she wanted them to move to the residence which she now occupies . . . and the Plaintiff

told her that he did not wish the family to move to this location.

16. On August 27, 2011, while the Plaintiff was at work, the Defendant moved to [the residence she now occupies], and also moved the Plaintiff's clothes to the front porch and in the front yard of the residence [of the parties' son] . . . .

17. The Plaintiff learned of this move through a phone call from a friend which he received at work, and he returned to North Carolina the next day to find his clothes on the porch and in the front yard of the [son's] residence . . . .

18. The Defendant advised the Plaintiff by telephone that she had decided to move, that she had found someone else and that she did not want him anymore.

19. The Plaintiff did not provoke or condone the actions of the Defendant set forth above.

Defendant contends that the trial court's finding of abandonment was unsupported by competent evidence. She argues that the actual date she left the marital residence was in September 2011, after the date of separation, which the trial court found to be 27 August 2011. She also challenges finding 17 as unsupported by competent evidence. Finally, defendant contends that because she told plaintiff in advance that she was moving and plaintiff said he did not want to move with her, he consented to the separation.

"When an application is made for postseparation support, the court may base its award on a verified pleading, affidavit, or other competent evidence." N.C. Gen. Stat. § 50-16.8 (2013). "The trial court is in the best position to weigh the evidence, determine the credibility of witnesses and the weight to be given their testimony." *Goodson v. Goodson*, 145 N.C. App. 356, 362, 551 S.E.2d 200, 205 (2001) (citation and quotation marks omitted). "It is elementary that the fact finder may believe all, none, or only part of a witness' testimony. *In re T.J.C.*, ___ N.C. App. ___, ___, 738 S.E.2d 759, 765 (citation, quotation marks, and brackets omitted), *disc. rev. denied*, ___ N.C. ___, 743 S.E.2d 194, 194, 642 (2013).

Each of the trial court's findings of fact was supported by plaintiff's testimony at the hearing. Plaintiff testified to the facts as recited by the trial court. Although there was conflicting evidence on a number of points and the evidence regarding the timing of these events was unclear, it is the trial court's duty to resolve such conflicts and ambiguity in its findings. "While contrary inferences might have been drawn from this same evidence, it was the trial judge's prerogative to determine which inferences should be drawn and which inferences should not be." *In re Estate of Trogdon*, 330 N.C. 143, 152, 409

S.E.2d 897, 902 (1991). The inferences drawn here by the trial court were reasonable and supported by evidence introduced at the hearing.

We also disagree with defendant's assertion that the trial court's findings show that plaintiff consented to the separation. Defendant informed plaintiff that she was moving. Plaintiff responded that he did not want to move. As a result, defendant left the marital home, deposited plaintiff's belongings at their son's house, and told plaintiff that she did not want him anymore. The trial court clearly disbelieved defendant's testimony that plaintiff had been abusive, severely abused alcohol, had engaged in numerous adulterous relationships, or otherwise behaved in a manner which might justify defendant's abandonment of the marital home.

> Mere acquiescence in a wrongful and inevitable separation, which the complaining spouse could not prevent after reasonable efforts to preserve the marriage, does not make the separation voluntary or affect the right to divorce or alimony. Nor, under such circumstances, is the innocent party obliged to protest, to exert physical force or other importunity to prevent the other party from leaving.
>
> . . . .
>
> The trial court's findings are conclusive if supported by any competent evidence, even when the record contains evidence to the

> contrary. Moreover, since there is no all-inclusive definition as to what will justify abandonment, each case must be determined in large measure upon its own circumstances.

*Hanley*, 128 N.C. App. at 57, 493 S.E.2d at 339 (citations and quotation marks omitted).

Plaintiff was under no obligation to explicitly protest defendant's decision to leave the marital home, and his failure to object does not necessarily constitute consent. Plaintiff testified, and the trial court found, that he only became aware that defendant was leaving the marital home while he was away on work. When he found out, he called her and she informed him that she no longer wanted him and that she had found someone else.

We conclude that the trial court's finding that defendant had abandoned the marital home was supported by competent evidence. We further conclude that the trial court's finding that plaintiff did not consent to defendant's abandonment was supported by competent evidence. These findings support the trial court's conclusion that defendant had committed marital misconduct and its ultimate decision to deny defendant post-separation support. Accordingly, we affirm the trial court's order denying defendant's request for post-separation support.[1]

---

[1] As the findings on abandonment are sufficient to support the trial court's order, we need not address defendant's arguments

## IV. Conclusion

We affirm the trial court's order denying defendant post-separation support because its findings on abandonment are supported by competent evidence, those findings support its conclusions of law, and its ultimate decision to deny defendant post-separation support.

AFFIRMED.

Judges HUNTER, Jr., Robert N. and DILLON concur.

---

regarding the findings on illicit sexual behavior.