SHIRLEY PATTON v. DAVID E. PATTON

No. 8714DC838

(Filed 16 February 1988)

1. **Divorce and Alimony § 30— equitable distribution—value of closely held corporation—sufficiency of finding of fact**

   In an action for child support, alimony, attorney's fees, and equitable distribution, there was no merit to defendant's contention that the trial court failed to make a sufficient finding of fact as to the value of defendant's interest in his closely held corporation, since the Supreme Court in an earlier appeal of the case held that the finding of fact should be more than a mere enumeration of the factors considered by the trial court in determining the value of defendant's interest; the finding of fact was subsequently replaced with a detailed finding which indicated what the trial court attributed to each factor; and the new finding complied with the Supreme Court's requirement of a statement of a more complete basis for the conclusion rendered.

2. **Divorce and Alimony § 30— equitable distribution—value of closely held corporation—more evidence not required on remand**

   The trial court on remand was not required to hear more evidence of valuation with regard to defendant's closely held corporation, since the Supreme

Court did not indicate more evidence was needed but instead said that the finding of fact needed to more fully explain the basis for the valuation.

**3. Divorce and Alimony § 21.5— failure to pay alimony—contempt—evidence of ability to pay**

The trial court did not err in holding defendant in willful contempt for failure to pay alimony, and the absence of a specific finding of ability to pay was immaterial, where there was sufficient evidence that defendant was capable of complying with the order in that his salary was $2,000 per month, he was paid by his business in the form of fringe benefits, and the retained earnings of his corporation had grown more than $22,000 since the original order.

**4. Divorce and Alimony § 19.3— modification of alimony—evidence of income—insufficient showing of change of circumstances**

Defendant failed to show a substantial change of circumstances to warrant modification of an alimony order where his arguments were based only on income of the parties.

**5. Divorce and Alimony § 18.16— award of attorney's fees proper**

The trial court did not err in awarding additional attorney's fees to plaintiff where it had already been decided that plaintiff was entitled to the relief prayed for; she was a dependent spouse earning less income than defendant; plaintiff had been unable to pay her attorney and was in debt $13,000 prior to the contempt hearing; and she could not defray the expenses of the contempt proceeding.

APPEAL by defendant from *LaBarre, Judge.* Judgment entered 31 March 1987 in District Court, DURHAM County. Heard in the Court of Appeals 3 February 1988.

This is an action for child support, alimony, attorney's fees and equitable distribution. The parties were divorced on 1 December 1983. On 29 August 1984 plaintiff was awarded $1,000 per month in alimony, $500 per month in child support, the marital residence and personal property therein and attorney's fees of $3,000. Defendant was awarded his interest in businesses Patco, Inc., and Wick-and-Leather, Inc., as well as personal property already removed from the marital residence.

This Court, in *Patton v. Patton,* 78 N.C. App. 247, 337 S.E. 2d 607 (1985), affirmed the trial court except in regard to attorney's fees. The case was remanded for proper findings of fact and entry of judgment as to attorney's fees. The North Carolina Supreme Court, in *Patton v. Patton,* 318 N.C. 404, 348 S.E. 2d 593 (1986), then affirmed this Court as to attorney's fees but reversed this

Court and remanded the case for proper findings of fact concerning the value of defendant's interest in a closely-held corporation.

By order filed 31 March 1987 the trial court replaced the original finding of fact as to the attorney's fees. The new finding outlined the nature and scope of the services rendered by plaintiff's attorney. The judge noted the amount of time spent on plaintiff's case, what reasonable fees would be per hour, and the necessity and reasonableness of the representation in light of defendant's refusals to pay. The conclusion of law based upon this finding and the order requiring payment of attorney's fees were then reaffirmed.

The court also replaced the original finding as to the value of defendant's closely-held corporation. The judge found that defendant's interest in Patco, Inc. was at least $85,000. In so finding, the judge considered an insurance proposal valuing defendant's interest at $207,000, financial statements by the corporation's accountants and retained earnings of the corporation. The judge further considered the nature and success of the business, and also used a formula to determine a capitalization of earnings ratio which showed a value above "book value." The conclusion of law based upon this finding and the order dividing marital assets were then reaffirmed.

The court further held defendant in contempt of court for failure to make payments, held that there should be no reduction in defendant's alimony payment as requested, and ordered defendant to pay an additional $4,500 in attorney's fees.

Defendant appealed.

*Maxwell, Freeman & Beason, P.A., by James B. Maxwell, for plaintiff, appellee.*

*Clayton, Myrick, McClanahan & Coulter, by Robert W. Myrick and Robert D. McClanahan, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first argues the trial court again failed to make a sufficient finding of fact as to the value of defendant's interest in his closely-held corporation. In *Patton v. Patton*, 318 N.C. 404, 348 S.E. 2d 593 (1986), the Supreme Court held that the finding of

Patton v. Patton

fact should be more than a mere enumeration of the factors considered by the trial court in determining the value of defendant's interest. The finding of fact has now been replaced with a detailed finding which indicates what the trial court attributed to each factor. The Supreme Court did not require a total recitation of evidence considered, but only required a more complete basis for the conclusion rendered. The new finding complies with this requirement. Defendant raised no issue as to the sufficiency of evidence. He only challenged the sufficiency of the finding of fact. Since the new finding is sufficiently detailed, this argument has no merit.

[2]  Defendant next argues "the trial court committed reversible error in excluding the testimony of Paul J. Gworek at the supplemental equitable distribution hearing." At the supplemental hearing defendant wanted additional testimony to be heard, but the judge made it clear that he did not want to "retry this case again."

This Court has previously said that on remand it is not necessary for a trial court to hear more evidence on a valuation question if no additional evidence is needed to make an appropriate finding of fact. *Harris v. Harris*, 84 N.C. App. 353, 352 S.E. 2d 869 (1987). In this case, the Supreme Court did not indicate more evidence was needed, but instead said that the finding of fact needed to more fully explain the basis for the valuation. The trial court determined there was no need for more evidence and such a decision was within its discretion.

[3]  Defendant further contends the trial court erred in holding him in willful contempt for failure to pay alimony because "there was no finding of fact that he had the ability to comply." If the evidence plainly shows the defendant was capable of complying with the alimony order, then absence of a specific finding is immaterial. *Daugherty v. Daugherty*, 62 N.C. App. 318, 302 S.E. 2d 664 (1983).

In this case, by the time the motion for contempt was heard in March 1987 defendant had failed to make 33 payments of $1,000 each. This failure to pay occurred even after this Court in *Patton v. Patton*, 78 N.C. App. 247, 337 S.E. 2d 607 (1985), held the amount was reasonable and after the Supreme Court denied defendant's Petition for Discretionary Review on the alimony issues.

Upon reviewing the evidence relied upon by the trial court, we find there was sufficient evidence that defendant was capable of complying with the order. Although the court found defendant's salary to be $2,000 per month, other findings of fact indicate defendant was paid by his business in the form of fringe benefits and that the retained earnings of his corporation had grown more than $22,000 since the original order. Defendant challenges none of these findings except for the finding that defendant's present wife is supplied with an automobile by defendant's corporation. Defendant argues there is no evidence to support this finding and that his wife actually makes the payments on the vehicle. There is contradictory evidence in the record as to this issue, but even if there is insufficient evidence as to this one finding, there remain ample findings to support the court's conclusions and order. This argument has no merit.

[4] Defendant next argues the court erred by "failing to retroactively reduce, or to reduce or terminate, the defendant's alimony obligation." We have already addressed the past payments due to plaintiff and it is clear there should be no retroactive reduction. As to reduction in future payments, there must be a substantial change of circumstances to warrant a modification. *Medlin v. Medlin*, 64 N.C. App. 600, 307 S.E. 2d 591 (1983). There cannot be a conclusion of substantial change in circumstances based solely on change in income. *Id.* The overall circumstances of the parties must be compared with those at the time of the award.

Defendant has not met his burden in this case. His arguments are based only on income of the parties. Defendant fails in his arguments to consider financial standing of plaintiff and her accustomed standard of living. Although plaintiff, at the time of the hearing, made $22,788 per year, she had a debt of $20,000. Much of this debt is attributable to defendant's failure to make past alimony payments. For these reasons, the trial court did not err in failing to reduce defendant's alimony payments.

[5] Finally, defendant argues the trial court erred in awarding additional attorney's fees to plaintiff. The requirements for awarding attorney's fees are found in *Clark v. Clark*, 301 N.C. 123, 135-36, 271 S.E. 2d 58, 67 (1980):

In order to receive an award of counsel fees in an alimony case, it must be determined that the spouse is en-

titled to the relief demanded; that the spouse is a dependent spouse; and that the dependent spouse is without sufficient means whereon to subsist during the prosecution of the suit, and defray the necessary expenses thereof.

Plaintiff is entitled to the relief prayed for as has already been decided. It is also clear she is a dependent spouse earning less income than defendant. The record also shows plaintiff has not been able to pay her attorney and was in debt $13,000 prior to the contempt hearing. Obviously, she cannot adequately defray the expenses of the contempt proceeding. Defendant has shown no abuse of discretion by the trial court in awarding the fees, and this argument fails.

Affirmed.

Judges BECTON and SMITH concur.