GWENDOLYN S. ROWE, PLAINTIFF v. O. REAGAN ROWE, DEFENDANT

No. COA97-1574

(Filed 17 November 1998)

**Divorce— postseparation support—appeal interlocutory**

An appeal from a postseparation support order was dismissed as interlocutory. Although the legislature has replaced alimony pendente lite with postseparation support, the considerations in *Stephenson v. Stephenson*, 55 N.C. App. 250, for holding that alimony pendente lite awards were interlocutory and not immediately appealable are still valid.

Appeal by defendant from judgments entered 25 July 1997 and 19 November 1997 by Judge Yvonne Mims Evans in Mecklenburg County District Court. Heard in the Court of Appeals 15 September 1998.

*James, McElroy & Diehl, P.A., by G. Russell Kornegay, III and Katherine Line Thompson Kelly, for plaintiff-appellee.*

*Casstevens, Hanner, Gunter & Conrad, P.A., by Nelson M. Casstevens, Jr. and Teresa L. Conrad for defendant-appellant.*

WALKER, Judge.

Plaintiff and defendant were married on 18 June 1950 and separated on 16 June 1996. On 21 October 1996, plaintiff filed a complaint seeking postseparation support, alimony, attorneys' fees, and equitable distribution. A hearing was held for determination of postseparation support on 9 and 10 June 1997. At the hearings, plaintiff established monthly financial needs and expenses of approximately $5,000. Plaintiff offered the affidavit of Thomas Randolph Witt, a certified public accountant who professed to be knowledgeable of the tax laws, and he determined that plaintiff would need $8,300 per month as postseparation support to meet her tax liability.

On 25 July 1997, the trial court ruled that plaintiff's reasonable needs and expenses per month were $4,950.81 rounded up to $5,000, and after taking into consideration the tax consequences of postseparation support, ordered defendant to pay $8,300 per month until the equitable distribution issues were resolved.

On 20 August 1997, defendant filed a motion pursuant to Rule 60 for relief from the order and also filed a notice of appeal. In his

motion, defendant alleged that the trial court erred in determining that a monthly payment of $8,300 was necessary in order to meet plaintiff's reasonable monthly needs and expenses of $5,000. The trial court denied defendant's motion.

Defendant contends that the trial court erred when it ordered the payment of postseparation support that was in excess of plaintiff's needs because her tax liability was incorrectly calculated. Plaintiff contends that an order awarding postseparation support is interlocutory and not immediately appealable.

An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but leaves further matters to be judicially determined between the parties at the trial court level. *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). However, an interlocutory order may be appealed by one of two avenues. First, an appeal is permitted if there is an order or judgment which is final as to some but not all of the claims or parties and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). Second, an appeal is permitted if it affects a substantial right that will be lost if not reviewed immediately. *Id.*

Prior to 1995, there was no action in North Carolina for "postseparation support" instead the statute defined support prior to a divorce as "alimony pendente lite." In 1981, this Court held that alimony pendente lite awards were interlocutory and were not immediately appealable because they did not affect a substantial right. *Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E.2d 281 (1981). Prior to *Stephenson*, this Court had allowed alimony pendente lite awards to be immediately appealable. However, we noted that due to the increase in the number of appeals to be heard by this Court, a final hearing frequently could be held in the trial court before the case even reached this Court. *Id. at 251, 285 S.E.2d at 282.* It was also noted that some appeals were merely pursued for the purpose of delay rather than to accelerate the determination of a party's rights. *Id.* Therefore, it was determined that in "consideration of fairness to the parties and as a matter of public policy," alimony pendente lite awards would no longer be immediately appealable. *Id.* at 252, 285 S.E.2d at 282.

In 1995, the legislature modified the statutes dealing with domestic issues and replaced alimony pendente lite with postseparation

support. N.C. Gen. Stat. § 50-16.1A (1995) defines postseparation support as "spousal support to be paid until the earlier of either the date specified in the order of postseparation support, or an order awarding or denying alimony." The differences between alimony pendente lite and postseparation support in the statutes are irrelevant to the issue before this Court.

The conditions this Court addressed in *Stephenson* are still valid today. *See Moose v. Nissan of Statesville*, 115 N.C. App. 423, 444 S.E.2d 694 (1994) (citing the same reasoning to eliminate summary judgment of punitive damage claims as immediately appealable). Postseparation support is only intended to be temporary and ceases when an award of alimony is either allowed or denied by the trial court. Therefore, it remains likely that the trial court would make a final determination on alimony before this Court could render an opinion pursuant to an appeal from a postseparation support order.

Therefore, since a postseparation support order is a temporary measure, it is interlocutory, it does not affect a substantial right, and it is not appealable.

Dismissed.

Chief Judge EAGLES and Judge MARTIN, John C., concur.