STACEY L. LANGDON, Plaintiff v. LEONARD S. LANGDON, JR., Defendant

No. COA06-466

(Filed 5 June 2007)

**1. Divorce— alimony order—termination of postseparation support—substantial change of circumstances inapplicable**

The "substantial change of circumstances" standard was inapplicable where the trial court denied defendant's motion to modify a postseparation support consent order, scheduled and held a hearing on the pending alimony claim, and entered an order awarding alimony to plaintiff ex-wife.

**2. Divorce— alimony—findings of fact—statutory factors**

The trial court did not err by allegedly failing to make findings of fact showing the court considered the statutory factors under N.C.G.S. § 50-16.3A(b) for an award of alimony, because: (1) the court made twenty-three findings of fact, specifically addressing most of the factors set forth in N.C.G.S. § 50-16.3A(b); and (2) in the absence of a showing that the trial court failed to make any finding as to a particular factor to which a party offered evidence, plaintiff cannot demonstrate that the district court's findings of fact are inadequate under N.C.G.S. § 50-16.3A(c).

Appeal by plaintiff from judgment entered 18 July 2005 by Judge Michael G. Knox in Cabarrus County Civil District Court. Heard in the Court of Appeals 7 February 2007.

*Ferguson, Scarbrough, Hayes & Price, P.A., by Edwin H. Ferguson, Jr. for plaintiff-appellant.*

*Randell F. Hastings for defendant-appellee.*

ELMORE, Judge.

Stacy L. Langdon (plaintiff) appeals an order entered 18 July 2005 by Judge Michael G. Knox in Cabarrus County Civil District

Court, which determined the amount of alimony to be paid by her former husband, Leonard S. Langdon, Jr. (defendant).

The Langdons were married 18 August 1990, and had one child together on 25 October 1991. Defendant abandoned the marital home on or about 1 September 1999, and the parties subsequently divorced. On 29 September 2000, the trial court issued a consent order granting plaintiff post-separation support of $1,356.00 per month, to continue until further orders of the court. In its order, the trial court found that plaintiff was unemployed and met the definition of dependant spouse as defined by N.C. Gen. Stat. § 50-16.1A. The matter was calendared for review in January, 2001, but there appears to have been no further attention to the matter until 2004.

On 25 February 2004, defendant filed a motion to modify post-separation support based on a change of circumstances. In that motion he requested that his obligation be recalculated or terminated. On 21 June 2004, Judge Knox denied defendant's motion, calendared this matter "for August 9, 2004 for a hearing on Plaintiff's claim for permanent alimony," and continued the matter "for such other and further Orders as the Court may deem just and proper." The hearing occurred on 9 August 2004, and on 25 September 2004, Judge Knox issued a letter to parties' counsel stating that his:

> decision in this matter is that Mr. Langdon shall pay alimony of $1356.00 through June 1, 2005. Beginning July 1, 2005 the alimony shall be reduced to $600.00 per month through December 1, 2005. Beginning January 1, 2006 payments shall be reduced to $250.00 per month and terminate with the June 1, 2006 payment.

Judge Knox included no findings of fact in his letter. Four days later, plaintiff requested that the court make findings of fact and conclusions of law to support its 25 September 2004 decision. Nine months later, on 29 June 2005, plaintiff moved for a stay pending an appeal of the anticipated order to be entered by the trial court resulting from the 9 August 2004 hearing. Judge Knox issued his order stating his findings of fact, conclusions of law, and permanent alimony. It is from this order that plaintiff appeals.

During the 9 August 2004 hearing, plaintiff testified that she has lived within her means since separating from defendant. She lives in the same apartment that they occupied as a family, drives the same Ford Taurus that she drove in 1999, and appears to maintain a mod-

est household and lifestyle. Plaintiff also testified that she had not sought employment since her separation because:

> It was a mutual desire between [defendant] and I all throughout our marriage that I stay home and raise our child. He always told me throughout our marriage that—he said I hope you'll never have to go back to work another day in your life as long as you don't want to. He said if—I couldn't stop you if you wanted to go back to work but it's my wish that you never have to go back to work a day in your life. I believe I'm doing my job and that's raising and training our child and it's 24/7.

Defendant offered no testimony contradicting this statement, but instead offered testimony by a nurse recruiter from Northeast Medical Center as to how plaintiff might resume her career as a nurse.

When the Langdons were first married, plaintiff was a licensed practical nurse (LPN) in New York State. The Langdons then moved to North Carolina and their daughter was born. Plaintiff did not pursue employment after the birth of her daughter and stayed home to raise her as agreed by both parties. The nurse recruiter testified that plaintiff could become licensed in North Carolina as an LPN after taking a refresher course licensure process and training. This process would take an estimated four to six months, at which point plaintiff could be employed as an LPN. The nurse recruiter further testified that the starting rate for an LPN is $11.58 per hour at her hospital, but that plaintiff could also work in a nursing home.

[1] Plaintiff argues that the trial court lacked sufficient evidence to support Finding of Fact No. 23,: "The plaintiff can be licensed as a licensed practical nurse in the State of North Carolina within four (4) to six (6) months at which time she will be capable of earning compensation to meet her reasonable economic needs." Plaintiff suggests that the trial court based its order of alimony on this finding of fact. The heart of plaintiff's argument is that "once entitlement has been shown and the court has awarded an alimony amount, in order to modify the alimony at a date and time in the future, the court must find a substantial change of circumstances to warrant a modification." See Patton v. Patton, 88 N.C. App. 715, 719, 364 S.E.2d 700, 703 (1988) ("As to reduction in future [alimony] payments, there must be substantial change of circumstances to warrant a modification.") Although plaintiff presents a compelling

argument based on this change of circumstances rule, the rule does not apply in this case.

At the time of the 8 August 2004 hearing, the only order in effect provided solely for postseparation support. The statute applicable at the time of the consent order defined "postseparation support" as "spousal support to be paid until the earlier of either the date specified in the order of postseparation support, *or an order awarding or denying alimony.*" N.C. Gen. Stat. § 50-16.1A (2003) (emphasis added). This Court has explained that "[p]ostseparation support is only intended to be temporary and ceases when an award of alimony is either allowed or denied by the trial court." *Rowe v. Rowe*, 131 N.C. App. 409, 411, 507 S.E.2d 317, 319 (1998). Indeed, a party is precluded from appealing a postseparation support order because it is only a "temporary measure" and, therefore, interlocutory. *Id.* Further, a trial court's findings and conclusions in connection with an award of postseparation support are not binding in connection with the ultimate outcome of the claim for alimony. *Wells v. Wells*, 132 N.C. App. 401, 411, 512 S.E.2d 468, 474 (1999). A trial court considering a motion for postseparation support "decides the issues for the [postseparation support] hearing only." *Id.* at 415, 512 S.E.2d at 476.

Here, the consent order provided a temporary award of postseparation support that would continue only until a final determination of plaintiff's claim for alimony. Although defendant moved to modify the postseparation support, the trial court denied that motion and instead scheduled a hearing on the pending alimony claim. The trial court was required to rule on the alimony claim in accordance with N.C. Gen. Stat. § 50-16.3A, the statutory provision governing an award of alimony. Notably, the requirements for an award of alimony, § 50-16.3A(a)-(b), differ from those for an award of postseparation support, § 50-16.2A(b)-(d).

The district court's order on 18 July 2005 awarding alimony thus did not "modify" any prior alimony order, but rather, by statute, terminated the existing temporary postseparation support. Because the hearing below involved an initial award of alimony and not any modification of an alimony award, the "substantial change of circumstances" standard urged by plaintiff was inapplicable.

[2] Plaintiff next argues that the trial court made "no findings of fact showing that the court considered the statutory factors" set forth in N.C. Gen. Stat. § 50-16.3A(b) for an award of alimony. Plaintiff avers

**LANGDON v. LANGDON**

[183 N.C. App. 471 (2007)]

that the trial court violated N.C. Gen. Stat. § 50-16.3A), requiring that the trial court state its reasons for the amount, duration, and manner of payment, because "[t]he present order is not based on any reasons." Again, we must disagree.

N.C. Gen. Stat. § 50-16.3A(c) provides that "the court shall make a specific finding of fact on each of the factors in subsection (b) of this section *if evidence is offered on that factor.*" N.C. Gen. Stat. § 50-16.3A(c) (2005) (emphasis added.) Plaintiff recites the various statutory factors identified in N.C. Gen. Stat. § 50-16.3A(b) and contends broadly that "there are no findings of fact showing that the court considered the statutory factors." A review of the order, however, reveals that the court made twenty-three findings of fact, specifically addressing most of the factors set forth in § 50-16.3A(b). Because plaintiff has failed to assign error to any of the trial court's findings of fact, they are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). With respect to those factors on which the trial court made no findings of fact, plaintiff has failed to cite to any evidence that would support a finding of fact regarding those factors. In the absence of a showing that the trial court failed to make any finding as to a particular factor to which a party offered evidence, plaintiff cannot demonstrate that the district court's findings of fact are inadequate under N.C. Gen. Stat. § 50-16.3A(c).

In her final argument, plaintiff contends that the trial court's findings of fact were not sufficient to terminate alimony on 1 July, 2006. As discussed earlier, no order of alimony had been entered prior to the hearing, and thus the trial court was not terminating alimony, but was instead granting permanent alimony.

Accordingly, we affirm the order below.

Affirmed.

Judges TYSON and GEER concur.