BARBARA C. TROUTMAN, PLAINTIFF-APPELLEE v. BUDDY ROSS TROUTMAN, DEFENDANT-APPELLANT

No. COA08-174

(Filed 21 October 2008)

## 1. Divorce— equitable distribution—criminal acts—relevance and prejudicial effect

There was no abuse of discretion in an equitable distribution action in the admission of defendant's criminal acts in shooting into the marital home and holding plaintiff as a hostage where defendant argued that the evidence was prejudicial but offered no support for the argument other than a detailed finding by the court. The majority of the finding concerns acts against the mar-ital home and referred to defendant's treatment of plaintiff only as necessary to explain the sequence of events.

## 2. Divorce— equitable distribution—liquidity of assets not addressed—not raised at trial

The trial did not err in an equitable distribution action by not making findings concerning the liquidity of certain accounts, an

TROUTMAN v. TROUTMAN

[193 N.C. App. 395 (2008)]

insurance check, and logging equipment where the liquidity of these assets was not raised at trial.

**3. Divorce— equitable distribution—unequal distribution— factors—health and age of parties—incarceration**

The trial court did not abuse its discretion in an equitable distribution action by ordering an unequal distribution of the marital estate where defendant argued that he was in ill health and older than the healthy plaintiff. Besides offering no authority for the argument that this factor should tilt the scale in his favor, he is incarcerated and neither works to maintain his standard of living nor pays for health care. The trial court's findings concerning defendant's maintenance of the marital property and defendant's failure to pay support were conclusively established.

**4. Divorce— equitable distribution—valuation of real estate—multiple tracts**

The trial court did not err in an equitable distribution action by valuing three parcels of real estate separately rather than as one, and in the values assigned to the parcels. There was no evidence to suggest they were more valuable combined, and the only evidence of an erroneous value was defendant's bald, self-serving testimony.

**5. Divorce— equitable distribution—marital property—logging equipment**

Findings in an equitable distribution action concerning the classification of logging equipment as marital property were binding where defendant did not assign error to them.

**6. Appeal and Error— preservation of issues—failure to object at trial—proceeds from sale of marital property**

Defendant did not object at trial and so did not preserve for appeal an argument concerning the handling of his shares from the sale of marital property.

Appeal by defendant from order entered 15 August 2007 by Judge April C. Wood in Iredell County District Court. Heard in the Court of Appeals 27 August 2008.

*Judith M. Daly for defendant.*

*Katherine Freeman for plaintiff.*

TROUTMAN v. TROUTMAN

[193 N.C. App. 395 (2008)]

ELMORE, Judge.

Buddy Ross Troutman (defendant) appeals from an order concerning the equitable distribution of marital property between himself and his former wife, Barbara C. Troutman (plaintiff). We affirm.

I.

Plaintiff and defendant were married in 1960 and separated in 2002, at which point plaintiff was sixty-six years old and defendant was seventy years old. Defendant was ordered to pay post-separation support in the amount of $500.00 per month, but never made any payments, nor did he contribute to taxes or insurance on the marital residence, where plaintiff continued to live after the separation. On two separate occasions—once in January 2002 (on the day the parties separated) and once in February 2007—defendant came to the marital home and shot at and into the house, doing serious damage to the home. On the second occasion, he held plaintiff hostage for some time until local police were able to remove him. Plaintiff was not able to repair the damage done by defendant during these incidents because she was paying back taxes on the home out of a monthly income of less than $700.00, which came from social security and her pension.

Defendant requested an unequal distribution of the marital property in his favor, and a hearing was conducted on 27 April 2007. The trial court ordered that two-thirds of the marital property be distributed to plaintiff and one-third to defendant. Defendant now appeals.

II.

We note first that, although defendant has made many assignments of error, he has not assigned error to any of the trial court's findings of fact. As such, they are binding on this Court, and we take them as "conclusively established." *Hartsell v. Hartsell*, 189 N.C. App. 65, 68, 657 S.E.2d 724, 726 (2008); *see also Langdon v. Langdon*, 183 N.C. App. 471, 475, 644 S.E.2d 600, 603 (2007).

A.

[1] Defendant first argues that evidence of his criminal activity should have been excluded, as it was prejudicial. This argument is without merit.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2007). Admitting or excluding such evidence is up to the trial court's discretion; as such, the ruling "will not be disturbed on appeal absent a clear showing the court abused its discretion[.]" *Warren v. Jackson,* 125 N.C. App. 96, 99, 479 S.E.2d 278, 280 (1997).

The trial court admitted testimony by plaintiff regarding the incidents outlined in the following uncontested finding of fact:

[O]n or about January 11, 2002, the Defendant shot a gun into the home and cause[d] damage to the house at that time. Some windows were damaged as a result of the Defendant's actions and the Plaintiff was forced to put plastic over the windows with duct tape in order to keep the weather outside. . . . That on or about February 9, 2007[,] the Defendant came to the former marital home while the Plaintiff was at home. That the Defendant refused to allow the Plaintiff to leave the home and forced [her] to sit at the table with a shirt over her head. That after an approximate[ly] 8 hour standoff with the police, the Plaintiff was able to go to the bathroom of the home. That the Defendant shot at the Plaintiff through the bathroom door approximately 4 times and damaged the bathroom door and tiles. The Defendant then shot at the Plaintiff through the closet in the bathroom and further cause[d] damage to the bathroom tile. That as a result of the Defendant's actions, law enforcement threw tear [gas] into the house, further damaging the property, including but not limited to busting out windows in the marital residence. That the Defendant is currently under a bond as a result of his actions but has not been convicted from these[.] *The Court is not considering the actions of the Defendant against the Plaintiff in this case, but considers his actions against the property.* Due to the homeowners' insurance being cancelled in 2006[,] the damages by the Defendant are not covered by insurance and the Plaintiff has obtained an estimate for the repairs to the residence of $19,000[.00] to repair the marital residence. That the Plaintiff does not have the funds to repair the former marital home. The Plaintiff has had to live in the house with the windows covered in plastic with duct tape and . . . as a result of the police coming into the home the furniture was overturned and damaged.

(Emphasis supplied.) Defendant argues that the admission of plaintiff's testimony was unduly prejudicial, as it provided information

that could have been introduced by evidence with less risk of prejudice to defendant. We disagree.

Defendant offers no support for his claim that the testimony was overly prejudicial except to state that the detailed finding of fact given above shows that the court was "swayed by the emotional aspect of the misconduct," outlining as it does defendant's treatment of plaintiff during the incidents. However, the majority of the finding concentrates on the extent and nature of the property damage defendant's actions inflicted on the marital home, referring to defendant's treatment of plaintiff only as necessary to explain the sequence of events. We find nothing in the finding of fact to contradict the trial court's statement that the purpose of the finding was to "consider[] [defendant's] actions against the property." Because defendant cannot show that the trial court abused its discretion, this assignment of error is overruled.

B.

Defendant next makes three arguments as to the portion of the order granting unequal distribution of the marital property in favor of plaintiff. We address these arguments in turn.

1.

[2] Defendant first argues that the trial court erred in failing to make certain findings of fact to support the unequal distribution of marital property and in failing to make certain conclusions of law required by statute. This argument is without merit.

Per N.C. Gen. Stat. § 50-20(c) (2007),

[t]here shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably.

The statute then lists factors the court must take into account, one of which is the "liquid or nonliquid character of all marital property and divisible property." N.C. Gen. Stat. § 50-20(c)(9) (2007). As to findings of fact, the statute states that "[i]n any order for the distribution of property made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property and divisible property has been equitably divided." N.C. Gen. Stat. § 50-20(j) (2007).

Defendant argues that the trial court failed to make findings of fact required by statute as to the liquidity of the following assets: IRA accounts, checking accounts, savings account, the check from the insurance company, and the logging equipment. This argument is without merit.

When evidence concerning one of the individual factors listed in N.C. Gen. Stat. § 50-20(c) is introduced, the trial court must make findings as to that factor. *See Armstrong v. Armstrong*, 322 N.C. 396, 406, 368 S.E.2d 595, 600 (1988). However, defendant makes no showing that the liquid or nonliquid nature of the assets at issue was ever brought up at trial. Defendant points only to plaintiff's testimony that she had made withdrawals from an IRA out of necessity, and then makes the broad statement that "[t]he nature of assets held in savings accounts, checking accounts[,] and actual checks are liquid in nature." Because it does not appear that defendant put the liquidity or nonliquidity of the assets in dispute, we overrule this assignment of error.

Defendant also argues simply that the trial court was required to "stat[e] separately its conclusions of law." Given that in the two paragraphs of his brief immediately preceding this statement defendant correctly identifies and outlines the trial court's appropriate and thorough conclusions of law, we are at a loss to understand defendant's argument on this point. As such, we overrule this assignment of error.

2.

[3] Defendant then argues that the trial court abused its discretion in ordering an unequal distribution of the marital estate because the evidence did not support an award in favor of plaintiff. This argument is without merit.

As noted above, we review the trial court's distribution for an abuse of discretion.

> A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

*White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citation omitted). Where the trial court's order sets forth findings of fact supporting its conclusion that "an equal division is not equitable,"

this Court will not disturb that holding on appeal unless we, "upon consideration of the cold record, can determine that the division ordered by the trial court[] has resulted in an obvious miscarriage of justice." *Alexander v. Alexander*, 68 N.C. App. 548, 552, 315 S.E.2d 772, 776 (1984).

The trial court in this case made the following relevant finding of fact:

> The Court considered all the parties' contentions for an unequal distribution listed on the Pre-Trial Order. The Court gave great weight to . . . the length of the parties' marriage—44 years [—] that both parties receive social security income, the actions of the Plaintiff to maintain the marital residence and adjoining real estate, the Defendant['s] actions in reducing the value of [the] marital property and[,] in fact, destroying marital property in 2002 and 2007, the fact that the Plaintiff has solely paid the taxes, some of which accrued after the date of separation, and home-owners[' insurance] on the property and the Defendant has not, that the Defendant has not paid his post-separation support and the Plaintiff had to borrow money to maintain the property, and the health of the Defendant. The Court has also considered the active nature of the IRA's [*sic*] of the Plaintiff's [*sic*].

Again, we take this finding of fact as conclusively established.

Defendant argues that the trial court did not give enough weight to his ill health in its distribution of the marital property; plaintiff's health is good, he argues, and she is six years younger than he. Defendant seems to believe that this factor, above all others, should tilt the scale in his favor. He offers no legal basis for this argument and, indeed, the facts of the matter make his argument nonsensical: he is currently incarcerated, where he neither works to maintain his standard of living (a point he argues in his brief) nor must pay for health care (to treat the health problems he states that he has).

Given these facts, we cannot say that the trial court abused its discretion or that its holding resulted in a miscarriage of justice. As such, this assignment of error is overruled.

3.

[4]. Finally, defendant argues that the trial court erred in valuing the real property portion of the marital property distributed by the trial court's order. This argument is without merit.

Altogether, the parcels consist of 58.24 acres; the trial court separated them into the .1.56 acres on which the marital home sits, an adjacent 8.99 acres, and an adjacent 47.69 acres. The trial court distributed the 1.56 acres and the marital home to plaintiff and ordered that the other two parcels be sold off and the proceeds divided between plaintiff and defendant, with plaintiff receiving two-thirds and defendant receiving one-third. The trial court valued the property for purposes of distribution by subtracting the tax value of the marital home, $104,340.00, from the value given all 58.24 acres by an appraiser, $495,000.00. This left $390,660.00, of which two-thirds ($260,440.00) went to plaintiff and one-third ($130,220.00) went to defendant.

Defendant makes two arguments as to this: first, that the trial court erred by separating the land into adjacent parcels of land to be treated separately, rather than as one parcel, and second, that the monetary values assigned to the parcels of land were without basis. Both of these arguments are without merit.

As to the first, defendant argues that the trial court's order commits waste of the marital assets because the land is more valuable when considered as one large parcel. Defendant can point to no evidence in the record, however, that suggests that this is the case.

As to the second, we note once again that defendant's failure to assign error to the trial court's relevant finding of fact makes that finding conclusive and binding on this Court. The relevant finding of fact here is the one that provides the valuation of the various parcels of land as stated above. In any case, the only evidence to which defendant points to contradict the trial court's findings on the valuation of the land is his own testimony, which consisted of unsupported statements that the land was now worth "a million and a half" dollars and that nearby land was selling for $47,000.00 or $60,000.00 an acre. These bald, self-serving statements do not constitute a basis for concluding that the trial court abused its discretion in this valuation.

Both arguments are without merit, and thus these assignments of error are overruled.

## C.

[5] Defendant next argues that the trial court erred in classifying certain property related to the logging business as marital property. This argument is without merit.

We again note that the findings of fact in the trial court's order are binding on this Court. In finding of fact 14, the court stated:

The Court finds that the following items are items of marital property and should be distributed to the Defendant at the following values:

Dump truck—$800.00

Low Boy trailer—$800.00

Trackhoe—$4000.00

Barko Loader[—]$15,000.00

Fella Buncher—$12,000.00

Trailer—$900.00

Trackhoe—$10,000.00

Trailer—$1,000.00

Timber removed f[ro]m field—$1,500.00

Numerous tools—[no evidence as to value]

Crane—$900.00

Two ladders—$600.00

Welder—$200.00

The Court finds that the 1982 GMC truck was used in the Troutman Logging and Land Clearing business and is marital property. That this vehicle was wrecked and the insurance check was issued in the amount of $9,750.00 and that check is marital and should be distributed to the Plaintiff.

Defendant argues to this Court that the evidence presented at the hearing did not support these findings. However, because defendant did not assign error to them, they are binding on this Court; as such, we overrule this argument.

D.

[6] Finally, defendant argues that the trial court erred in ordering that the proceeds from the sale of the property awarded to defendant be held in his attorney's trust account until such time as he is released from jail. Defendant did not object to this portion of the trial court's ruling at trial, even though the transcript reveals he was given an explicit opportunity to do so. As such, he has not preserved this argument for appeal, and we do not address it. *See* N.C. R. App. Proc. 10(b)(1) (2007).

Affirmed.

Judges TYSON and CALABRIA concur.