HEATHER L. TARDANI, Plaintiff,
v.
CHRISTOPHER RYAN TARDANI, Defendant.
No. COA09-407.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Lisa Skinner Lefler for defendant-appellant.
Hosford & Hosford, P.C., by Sofie W. Hosford, for plaintiff-appellee.
ROBERT N. HUNTER, Jr., Judge.
Heather L. Tardani ("plaintiff") filed a complaint for child custody, child support, post-separation support, alimony, equitable distribution, and sequestration of a car against Christopher Ryan Tardani ("defendant"). The trial court entered an order granting plaintiff child support and post-separation support, and defendant failed to pay the amounts mandated by the order. Defendant made a post-trial motion in an effort to vacate, stay, or dismiss the trial court's order. The motion was denied, and defendant was found in contempt for failing to make the ordered child support and post-separation support payments. Defendant appeals arguing that the trial court: lacked subject matter jurisdiction over plaintiff's claims; abused its discretion in denying his post-trial motion; miscalculated the payment amounts of child support and post-separation support; and erred in finding defendant in contempt. We dismiss in part and affirm in part.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Defendant and plaintiff were married in Muskegon, Michigan, on 10 August 1996. The parties have one child together, Matthew, who was born on 10 September 2004. While living in Michigan, defendant was employed with Walgreens Corporation ("Walgreens"), where he worked in a managerial position since at least 1995. During defendant's time at Walgreens, plaintiff stayed at home to care for Matthew. According to defendant's 2007 tax return, he earned $59,800.00 in his managerial position at Walgreens.
Defendant resigned from Walgreens in the spring of 2008, and the parties relocated to Wilmington, North Carolina. Plaintiff's parents lived in Wilmington, and offered to help the couple after their move. Shortly thereafter, defendant moved to Concord, North Carolina, where he found employment as a management trainee with Dollar Store. Plaintiff remained with her parents in Wilmington.
After residing in North Carolina for approximately two months, the parties separated on 14 June 2008. On 18 June 2008, plaintiff filed a complaint in New Hanover County seeking custody of Matthew, child support, post-separation support, alimony, equitable distribution, and sequestration of an automobile. The trial court issued ex parte orders the same day vesting temporary custody with plaintiff, and sequestering a car for her use.
A hearing was conducted on 8 September 2008, where defendant made a motion to dismiss the case for lack of subject matter jurisdiction. The trial court denied the motion, and ordered defendant to pay child support and post-separation support and provide health insurance to plaintiff and Matthew. The trial court's order was filed on 26 September 2008 (the "September 2008 order"); defendant entered written notice of appeal on 10 October 2008 regarding this order.
Post-trial motions were filed by both parties after the 8 September 2008 hearing. Plaintiff filed a contempt motion on 29 October 2008; and on 19 November 2008, defendant filed a motion to vacate the September 2008 order, issue a stay, and dismiss plaintiff's action for lack of subject matter jurisdiction.
The trial court heard plaintiff's contempt motion on 9 December 2008, and filed an order on 16 December 2008 finding defendant in contempt for his willful failure to comply with the September 2008 order. Defendant was ordered into the custody of the Sheriff of New Hanover County to be held until he purged part of his contempt by paying $2,634.00 to the Clerk of Superior Court, and the trial court continued the contempt motion as to other monies yet to be paid. Defendant was incarcerated until he complied with the contempt order. Defendant's post-trial motion to vacate, stay, and dismiss the September 2008 order was denied on 18 December 2008.
A hearing was held in chambers in late December 2008 to resolve issues pending from the 9 December 2008 contempt order. After the hearing, an order was entered on 31 December 2008 requiring defendant to pay plaintiff $4,573.00 in unpaid support in addition to $500.00 in attorney's fees on or before 15 February 2009. Defendant did not file notice of appeal for any of the orders subsequent to the September 2008 order.

II. DISCUSSION
On appeal, defendant argues: (1) the trial court lacked subject matter jurisdiction to enter orders on temporary child custody, sequestration of a car, child support, and post-separation support; (2) the trial court abused its discretion in denying defendant's motion to vacate, stay, and dismiss the September 2008 order; and (3) the evidence at trial did not support the trial court's finding that defendant was in willful contempt for failing to comply with the September 2008 order, and that the child support and post-separation support payments were improperly calculated.

A. Notice of Appeal
The record shows that defendant entered notice of appeal to only the September 2008 order.
Rule 3 of the North Carolina Rules of Appellate Procedure requires a notice of appeal to "designate the judgment or order from which appeal is taken[.]" N.C.R. App. P. 3(d) (2009). "In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." Bailey v. State, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). "The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." Abels v. Renfro Corp., 126 N.C. App. 800, 802, 486 S.E.2d 735, 737 (1997).
Defendant entered notice of appeal on 10 October 2008. The notice of appeal contained the following:
[T]he defendant . . . hereby gives notice of appeal to the North Carolina Court of Appeals of the Honorable Jeffrey E. Noecker's order on child support and post-separation support. . . filed on 26 September 2008[.]
(Emphasis added.)
Defendant did not file a notice of appeal to the trial court's orders regarding: temporary child custody; sequestration of the car; the post-trial motion to vacate, stay, or dismiss; and contempt. Therefore, this Court lacks jurisdiction to decide these issues on appeal, and defendant's assignments of error correlating to these trial court orders are dismissed. Abels, 126 N.C. App. at 802, 486 S.E.2d at 737.

B. Subject Matter Jurisdiction
Defendant argues that the trial court lacked subject matter jurisdiction to award child support and post-separation support due to the court's failure to meet the jurisdictional requirements of the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA").
Subject matter jurisdiction "refers to the power of the court to deal with the kind of action in question" and "is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). "In reviewing a question of subject matter jurisdiction, our standard of review is de novo." In re K.A.D., 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007).
In support of his argument, defendant discusses the provisions of the UCCJEA at length. However, this appeal only concerns the September 2008 order. Because the September 2008 order does not address child custody or modification of a custody order, the jurisdictional requirements of the UCCJEA are inapplicable. See, e.g., Morris v. Morris, 91 N.C. App. 432, 433, 371 S.E.2d 756, 758 (1988) ("[P]laintiff's petition contains no request regarding custody or modification of the custody order. Therefore, G.S. Chap. 50A [UCCJEA] has no application.").
The district court may enter an order for child support when the court has both subject matter jurisdiction over the action and personal jurisdiction over defendant. Harris v. Harris, 104 N.C. App. 574, 579, 410 S.E.2d 527, 531 (1991). Here, plaintiff's child support action was filed in district court, which has subject matter jurisdiction over child support claims by statute. N.C. Gen. Stat. § 7A-244 (2007) ("The district court division is the proper division . . . for the trial of civil actions and proceedings for . . . child support[.]"). Thus, the trial court entered its order as to child support pursuant to its statutory authority. This assignment of error is overruled.

C. Calculation of Support
Defendant argues that, even if the trial court had subject matter jurisdiction over this matter, the amounts calculated for child support and post-separation support are incorrect and beyond defendant's reasonable ability to pay. Defendant further argues that since the amounts calculated are incorrect, he should not have been held in willful contempt for violation of the September 2008 order.
Defendant's argument that the amounts for support were miscalculated is based on plaintiff's testimony that she believed defendant only earns $1,900.00 in gross income per month. Defendant asserts that this testimony supports his contention that the September 2008 orderwhich requires him to pay $878.00 per month in child support, and gives him the option of either providing health insurance for Matthew and plaintiff or paying $500.00 per monthimproperly calculates child support and post-separation support because the support amounts in the order are beyond his present ability to pay.
First, we address defendant's contention that the amount calculated for post-separation support is incorrect, and conclude that defendant's appeal is interlocutory.
An award of post-separation support is generally interlocutory, and therefore not immediately appealable. See Rowe v. Rowe, 131 N.C. App. 409, 410-11, 507 S.E.2d 317, 318-19 (1998). "An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but leaves further matters to be judicially determined between the parties at the trial court level." Id. at 410, 507 S.E.2d at 318. Because post-separation support is intended to be temporary in nature, and the trial court's order specifically provides that it will continue until the trial court issues further orders or makes a determination of alimony, the order is interlocutory. Id. at 410-11, 507 S.E.2d at 318-19. An interlocutory order may nevertheless be heard on appeal if either (1) the trial court certifies a case for appeal "which is final as to some but not all of the claims or parties . . . pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b)"; or (2) "if [the interlocutory order] affects a substantial right that will be lost if not reviewed immediately." Id. at 410, 507 S.E.2d at 318.
In this case, the trial court did not certify the issue of post-separation support for appeal, and the award of post-separation support in the September 2008 order does not affect a substantial right that will be lost if not reviewed immediately. Since neither of these avenues are available to defendant, defendant's appeal regarding post-separation support is dismissed.
We next address defendant's contention that the trial court miscalculated the amount of child support due to plaintiff.
"In reviewing child support orders, our review is limited to a determination [of] whether the trial court abused its discretion." Spicer v. Spicer, 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005). "Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." Id.
When determining the amount of child support payments, the trial court must apply the presumptive guidelines established in the North Carolina Child Support Guidelines. N.C. Gen. Stat. § 50-13.4(c) (2009). Ordinarily, child support obligations are calculated using the party's present earnings, rather than selecting earnings for a single year, and using that as a basis for an award. Holt v. Holt, 29 N.C. App. 124, 126, 223 S.E.2d 542, 544 (1976). However, capacity to earn may be the basis of an award if it is based upon a proper finding that a party is deliberately depressing his or her income. Beall v. Beall, 290 N.C. 669, 674, 228 S.E.2d 407, 410 (1976).
Defendant does not contest any findings, and therefore they are binding on appeal. Matthews v. Prince, 90 N.C. App. 541, 545, 369 S.E.2d 116, 117 (1988). The unchallenged findings of fact made by the trial court on the issue of child support in this case include the following:
7. That the plaintiff has not been employed outside of the home since the birth of the minor child and her actual income is zero.
8. That the plaintiff is under no physical or mental disability preventing employment at minimum wage. The Court imputes minimum wage to the plaintiff in the amount of $1,135.00 per month.
9. That the Court gives the plaintiff credit for $205.00 per month of expected child care expenses.
10. That the defendant's actual income of $2,304.00 per month is less than his potential income, due to defendant's bad faith suppression of his income in deliberate disregard of his child support obligation.
11. That defendant became voluntarily underemployed below his capacity and ability as of May, 2008.
12. That defendant has worked since at least 1995 in a managerial position with Walgreen[s] Corporation, when he voluntarily left that job to become employed as a management trainee with Dollar Store. It is unclear to the Court why the defendant needed management training after having managed a retail store for more than 12 years at a greatly increased salary.
13. That defendant voluntarily relocated to the Charlotte metropolitan area, and this Court will take judicial notice of the wide range of employment opportunities in the defendant's experience level in that area.
14. The defendant's probable earnings, based on his recent work history pursuant to the 2007 tax return, are $59,800.00 per year, or $4,983.00 per month.
15. Plaintiff presented credible evidence that defendant has a $45,000.00 to $50,000.00 retirement or 401K account from Walgreens. The plaintiff has no idea of the whereabouts of those funds.
16. Plaintiff presented credible evidence that the defendant secured a $5,000.00 bonus upon terminating his Walgreens employment.
17. As additional evidence of bad faith and deliberate disregard, the defendant has not provided any child support or other support directly to the plaintiff or his child, in spite of plaintiff's lack of employment and his child's needs.
. . . .
19. That the defendant failed to appear for scheduled court hearings on the issues before the Court on September 2, 2008 and September 8, 2008, and, therefore, the defendant was not subject to direct or cross-examination regarding his affidavits or any other issue before this Court.
20. The Court finds further evidence of bad faith and deliberate disregard on defendant's part in that defendant coerced the plaintiff to enroll in Medicaid by refusing to execute documents necessary for the plaintiff to register a vehicle in North Carolina from Michigan, such that the defendant remains covered by his Walgreens health policy under COBRA, and the plaintiff and minor child are not.
21. Pursuant to the attached Schedule "A," the North Carolina Child Support Guidelines indicate that the defendant should pay $878.00 per month in child support beginning October 1, 2008, and continuing on the first of each month thereafter.
. . . .
28. The cost of the health coverage, if provided by the defendant as ordered above, may be used as an adjustment in line 5b of the attached Worksheet A.
These findings show the trial court did not abuse its discretion in calculating the amount of child support owed by defendant. The trial court correctly applied the presumptive guidelines established in our General Statutes to calculate child support, and made sufficient findings to impute income to defendant given that defendant was deliberately depressing his income. See N.C.G.S. § 50-13.4(c); Beall, 290 N.C. at 674, 228 S.E.2d at 410. This assignment of error is overruled, and the order of the trial court is
Affirmed.
Judges STEPHENS and BEASLEY concur.
Report per Rule 30(e).