An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e     P r o c e d u r e .

NO. COA13-779

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

DONALD R. PODREBARAC,
        Plaintiff,

v.                                          Union County
                                            No. 08 CVD 4423
BUNTIN S. PODREBARAC,
        Defendant.


Appeal by appellant from orders entered 13 December 2012 by Judge N. Hunt Gwyn in Union County District Court.  Heard in the Court of Appeals 11 December 2013.


> *Harkey Lambeth & Gunter, LLP, by Dorian H. Gunter and Jeffrey S. Williams-Tracy, for plaintiff-appellant.*

> *Woodruff Law Firm, P.A., by Jessica S. Bullock and Carolyn J. Woodruff, for defendant-appellee.*


BRYANT, Judge.


Plaintiff Donald R. Podrebarac appeals from the trial court's orders denying his motions to enforce a mediated settlement agreement and for a new trial and from the trial court's order awarding post-separation support to defendant

Buntin S. Podrebarac. For the reasons set forth below, we dismiss the appeal as interlocutory.

Plaintiff-husband Donald R. Podrebarac ("plaintiff") and defendant-wife Buntin S. Podrebarac ("defendant") were married on 24 October 1987, separated on 26 December 2007, and subsequently divorced. On 18 December 2008, plaintiff filed a complaint for child custody and equitable distribution. Defendant filed an answer and counterclaim for child custody, child support, equitable distribution, post-separation support, alimony, and attorneys' fees. Plaintiff and defendant then underwent mediation resulting in an agreement[1] signed by both parties on 29 April 2009.

On 26 September 2011, plaintiff filed a motion for a protective order and a motion to enforce the mediated settlement agreement. On 13 April 2012, defendant filed a motion to dismiss plaintiff's motion to enforce the mediated settlement agreement alleging that the agreement was not notarized, and therefore, did not meet the requirements of N.C. Gen. Stat. § 50-20(d). The trial court, finding that the settlement agreement was invalid, granted defendant's motion to dismiss. A

---

[1] We use the term "agreement" or "mediated settlement agreement" when referring to the document in the record entitled "Mediation Stipulations" (but referred to by various other names when used by the parties).

formal written order granting defendant's motion to dismiss was entered by the trial court on 24 August 2012.

Plaintiff filed a motion for a new trial and in the alternative, a motion to reconsider or revise the order. On 13 December 2012, the trial court entered an order granting defendant's counterclaim against plaintiff for post-separation support. At the same time, the trial court entered an order denying plaintiff's motion for a new trial and alternative motion to reconsider or revise its 24 August 2012 order. Plaintiff appeals.

_____

Plaintiff argues that the trial court erred: (I) by denying plaintiff's motion to enforce the mediated settlement agreement; (II) by denying plaintiff's motion for a new trial; and (III) by entering an order for post-separation support.

*Interlocutory appeal*

Plaintiff concedes that the orders from which he appeals did not dispose of his claims for child custody or equitable distribution, and therefore, the orders are interlocutory. As the trial court's ruling did not dispose of plaintiff's claims for child custody and equitable distribution but instead only disposes of plaintiff's plea in bar to those claims as set forth

in the mediated settlement agreement, the court's ruling is indeed interlocutory. *Veazey v. City of Durham*, 231 N.C. 357, 361—62, 57 S.E.2d 377, 381 (1950); *see also Garris v. Garris*, 92 N.C. App. 467, 469—70, 374 S.E.2d 638, 640 (1988) (holding that a trial court's ruling denying the defendant's claim that the plaintiff had waived her rights to equitable distribution and alimony was interlocutory because the ruling only disposed of the defendant's plea at bar to the plaintiff's claims for equitable distribution and alimony).

Plaintiff argues he would be deprived of a substantial right should we dismiss his appeal. Alternatively, plaintiff asks that, should this Court not grant a right to appeal, we treat his appeal as a petition for writ of certiorari and grant discretionary review.

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Tridyn Indus., Inc. v. Am. Mut. Ins. Co.,* 296 N.C. 486, 488, 251 S.E.2d 443, 445 (1979) (citation and ellipsis omitted).

> [A]n interlocutory order can be immediately appealed if the order is final as to some

> but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal [pursuant to] N.C.R. Civ. P. 54(b). Second, an interlocutory order can be immediately appealed under N.C. Gen. Stat. §§ 1-277(a)[] and 7A-27(d)(1)[] "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review."

*Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996) (citation omitted).

An interlocutory order is immediately appealable when "the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4) (2013). To determine whether an interlocutory order is immediately appealable "we utilize a two-part test, with the first inquiry being whether a substantial right is affected by the challenged order and the second being whether this substantial right might be lost, prejudiced, or inadequately preserved in the absence of an immediate appeal." *Hamilton v. Mortg. Info. Servs.*, 212 N.C. App. 73, 78, 711 S.E.2d 185, 189 (2011) (citations omitted). "The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277—78, 679 S.E.2d 512, 516 (2009) (citation omitted).

We now review each of plaintiff's interlocutory issues to determine if a substantial right exists that requires appellate review at this time.

*I.*

In his motion to enforce the mediated settlement agreement, plaintiff alleged that defendant wrongfully failed to comply with the mediated settlement agreement after defendant ratified the mediation stipulations with plaintiff. Plaintiff now contends that the trial court order denying his motion to enforce the mediated settlement agreement has affected a substantial right. Plaintiff asserts that he was denied a right to an evidentiary hearing on his motion, and that his right to a hearing would be "irrevocably lost" absent an appeal. Plaintiff's argument lacks merit, as the mediated settlement agreement was the product of mediation sessions between plaintiff and defendant, rather than a formal adjudication by the trial court. By ruling that the mediated settlement agreement was unenforceable, the trial court did not prejudice or prevent plaintiff from seeking further resolution of his claims for child custody and equitable distribution. Rather, the trial court's denial of plaintiff's motion to enforce the mediated settlement agreement simply sends both parties back to

their respective starting points to create a new enforceable mediated settlement agreement. As such, plaintiff has failed to show that the trial court's order affected a substantial right. Plaintiff's first argument on appeal is dismissed.

*II.*

Plaintiff, acknowledging that the trial court's denial of his motion for a new trial is interlocutory, nevertheless argues that the trial court erred in denying his motion for a new trial because under Rule 59(a), by denying plaintiff the ability to present evidence and witnesses as to the validity of the mediated settlement agreement, the trial court both abused its discretion and erred as a matter of law. Plaintiff's argument, similar to his first argument, fails to show how the trial court's order deprived plaintiff of a substantial right. By finding the agreement unenforceable, the trial court has not prejudiced or injured plaintiff such that he cannot proceed to trial or proceed with new mediation sessions to create a new settlement agreement. *See Blackwelder v. State Dep't of Human Res.*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983) (holding that "avoidance of a rehearing or trial is not a 'substantial right' entitling a party to an immediate appeal"). Plaintiff's second argument on appeal is dismissed.

*III.*

Thirdly, plaintiff argues that our failure to address the trial court's granting of post-separation support to defendant will put plaintiff at risk of inconsistent trial verdicts. We disagree, as our determination that the trial court did not err in finding the mediated settlement agreement unenforceable does not expose plaintiff to the risk of inconsistent verdicts. Rather, the invalidity of the agreement only exposes plaintiff to the need to undergo either new mediation sessions or to seek judicial determination of a settlement agreement.

Plaintiff cites *Honeycutt v. Honeycutt*, 208 N.C. App. 70, 701 S.E.2d 689 (2010), and *Buffington v. Buffington*, 69 N.C. App. 483, 317 S.E.2d 97 (1984), as support for his contention that the trial court's award of post-separation support to defendant puts plaintiff at risk of inconsistent trial verdicts.

In *Honeycutt*, both parties entered into a separation agreement and property settlement. The plaintiff filed an action against the defendant two years later seeking rescission of the agreement, equitable distribution, child support and attorneys' fees. The defendant counterclaimed for child support and restoration of the original agreement and filed a motion for summary judgment. The trial court granted the defendant partial

summary judgment as to the plaintiff's claims for rescission and equitable distribution. On appeal, we granted the plaintiff's interlocutory appeal because the trial court's order granting partial summary judgment affected the plaintiff's substantial rights regarding "piecemeal litigation." Specifically, this Court held that "the trial court's order completely disposed of plaintiff's equitable distribution claim and has the effect of 'preventing adjudication of defendant's counterclaim and plaintiff's claims in a single lawsuit[.]'" *Honeycutt*, 208 N.C. App. at 76, 701 S.E.2d at 693 (citation omitted).

In *Buffington*, both parties entered into a separation agreement. The plaintiff then filed for specific performance of the separation agreement; the defendant counterclaimed alleging that the agreement was void, seeking equitable distribution. Both parties filed motions for summary judgment as to the enforceability of the agreement. The trial court granted the plaintiff's motion, holding that the agreement was enforceable. As in *Honeycutt*, this Court allowed the defendant's interlocutory appeal, noting that as the grant of summary judgment completely disposed of the defendant's claim for equitable distribution, it affected a substantial right. *Buffington*, 69 N.C. App. at 486, 317 S.E.2d at 98—99 ("The trial

court's order [granting summary judgment] affects a substantial right of defendant by preventing adjudication of defendant's counterclaim and plaintiff's claims in a single lawsuit.").

*Honeycutt* and *Buffington* are not applicable to the instant matter. Here, plaintiff appeals from the trial court's order awarding post-separation support, an order which does not dispose of any of plaintiff's claims against defendant. Moreover, "[t]his Court has explained that '[p]ostseparation support is only intended to be temporary and ceases when an award of alimony is either allowed or denied by the trial court.'" *Langdon v. Langdon*, 183 N.C. App. 471, 474, 644 S.E.2d 600, 603 (2007) (citation omitted). As such, an order for post-separation support is interlocutory. *Id.* "Further, a trial court's findings and conclusions in connection with an award of postseparation support are not binding in connection with the ultimate outcome of the claim for alimony." *Wells v. Wells*, 132 N.C. App. 401, 411, 512 S.E.2d 468, 474 (1999). Accordingly, as the trial court's order awarding post-separation support "is a temporary measure, it is interlocutory, it does not affect a substantial right, and it is not appealable[,]" plaintiff's argument is not appealable. *Rowe v. Rowe*, 131 N.C. App. 409, 411, 507 S.E.2d 317, 319 (1998).

*Petition for writ of certiorari*

In the alternative, plaintiff petitions this Court for certiorari, which we decline to grant. Having reviewed plaintiff's arguments for purposes of interlocutory review, it is unlikely plaintiff would be granted any relief on appeal should we allow substantive review of the issues plaintiff brought forth in his brief.

Dismissed.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).